# SUPREME COURT

OF

# ILLINOIS.

---

## FIRST GRAND DIVISION.

### JUNE TERM, 1867.

---

JOSEPH C. HITE, impleaded, etc.,

*v.*

JOHN BLANDFORD.

1. PLEADING AT LAW — *of the declaration* — *in actions for tort* — *allegations divisible.* In an action founded on a tort, the allegations in the declaration are divisible, and the plaintiff may prove a part of his charge and recover, if enough be proved to support the tort.

2. INSTRUCTIONS — *must be based upon the evidence.* The principle is well settled, that instructions must be based upon the evidence in the case.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. J. H. MULKEY, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. MULKEY, WALL & WHEELER, for the plaintiff in error.

1. We insist, that the averments in the declaration, "that defendants falsely and fraudulently represented to plaintiff,

that the horses were sound, and in no wise diseased, and that plaintiff, relying on said representations so made, was induced to permit defendant to enter his close with said horses so infected," are material, and must be proven, and that the deceit is the gravamen of the action. 1 Ch. Plead. side paging 137; *Weatherford* v. *Fishback,* 3 Scam. 171.

2. That, unless the deceit, as charged in the declaration, is proven, the action should be trespass, and not case.

3. That the evidence fails to show that any representations were made to plaintiff as to the soundness of the horses.

Messrs. JESSE WARE, and ALLEN & WEBB, for the defendant in error.

1. The gravamen of this action is not that the defendant was guilty of *deceit* in making a contract with the plaintiff, whereby he obtained permission to put his horses in plaintiff's close; but that defendant, well knowing that his horses were infected with a contagious disease, entered plaintiff's close with such horses whereby the disease was communicated to plaintiff's horses, of which they died.

2. Nor is the liability of the defendant lessened by an omission of the plaintiff to prove an express permission to enter, or that defendant made the false representations concerning the soundness of the horses.

3. This action not being founded on a contract, but upon a tort, the allegations in the declaration are divisible, and there was no necessity for proving plaintiff's permission to defendant to enter his close with horses, as without it the declaration contained a good cause of action in *case.* 1 Ch. Pl. side paging, 387.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case for a tort by plaintiff in error in bringing horses diseased with glanders, known to be a disease highly infectious, to the farm of defendant in error, and

Opinion of the Court.

placing them in a lot contiguous to which, and under the same exterior fence, were the horses and other stock of the defendant, which became infected with the same disease and died. The verdict was for the defendant in error, for the value of the property thus destroyed, and judgment thereon.

To reverse this judgment the cause is brought here by writ of error, and the errors assigned are in giving the plaintiff's instructions, and in refusing the seventh, eighth and ninth instructions asked by the defendant. The ninth, only, is argued here.

The counsel for the plaintiff in error insist, that the averments in the declaration that defendant falsely represented to the plaintiff that the horses were sound and in no wise diseased, and that plaintiff, relying upon such representations, was induced to permit defendant to enter his close with horses so infected, are material, and must be proved.

To this it is answered by the counsel for defendant in error, that the gravamen of the action is not deceit, but the liability of the defendant arises from the fact of his taking horses, known by him to be infected with a dangerous disease and one easily communicated to other animals, into plaintiff's close, from which act the plaintiff's horses became infected and died; and they contend that his liability is not lessened by an omission of the plaintiff to prove an express permission to enter, or the fact that the defendant did not make false representations to the plaintiff concerning the soundness of the horses. We think the answer is satisfactory. Contracts are entire and must be proved substantially as alleged, but torts are divisible, and in them the plaintiff may prove a part of his charge, and recover, if there be enough proved to support the tort. 1 Ch. Pl. 387, side paging.

The proof shows plaintiff was not at home when the defendant came with the horses, and the leave he obtained to place them in the lot was more by the silent acquiescence of his brothers and the other members of the family, than by any direct permission, the defendant stating to Cordelia Blandford, on her saying their horses ought to be turned out, as the

defendant's horses might be diseased, that his horses were not diseased. The proof shows most clearly the defendant knew the horses were diseased, as they had been purchased of the government at Memphis as condemned horses, and one of them with glanders was given away on the road to this State, and he hired a person to kill another. The case is one of the most aggravated nature, having no ameliorating circumstances, and the court in its instructions to the jury on both sides left the case fairly with them, instructing for the defendant as favorably as he had any right to demand.

The ninth instruction asked by the defendant, which the court refused, and which is the chief ground of complaint, is this: "That unless the plaintiff was induced to let the horses in his inclosure, and were actually, forcibly and without plaintiff's consent placed there, and damages resulted to the plaintiff, the action cannot be maintained, and should be trespass."

It is sufficient, in support of the refusal of the court, to advert to the settled principle that an instruction must be based on the evidence. There is not a particle of evidence in this case that the defendant forcibly, and without the consent of the plaintiff, put the horses in the lot; on the contrary, the inference is irresistible that all the consent was given which could be given under the circumstances. The justice of this case is so manifestly with the plaintiff below, we should be unwilling to reverse the judgment for any error which has been assigned and discussed.

We see no error in the record which should reverse the judgment, and it must be affirmed.

*Judgment affirmed.*