# WILLIAM ROTH

## *v.*

# MARY EPPY.

1. PLEADING AND EVIDENCE—*variance.* Contracts are entire, and must
be proved substantially as alleged, but torts are divisible, and in them the
plaintiff may prove a part of his charge and recover, if there be enough
proved to support the tort.

2. Although the declaration in an action by a wife against one for sell-
ing and giving liquor to her husband, may allege that the husband's intox-
ication was caused in whole by the defendant, a recovery may be had where
the proof shows it was caused in part only by the defendant.

3. STATUTE—*effect of repeal on right of action.* Under the revision of
1874, no new law shall be construed to repeal a former one, whether such
former one is expressly repealed or not, as to any offense committed against
the former law, or as to any act done, or any right accrued or claim arising
under the former law. The revision of the Liquor Law in 1874 does not
take away any right of action accrued under the act of 1872 on the subject.

4. INTOXICATING LIQUORS—*evidence in suit by wife.* In a suit by a wife
against one for causing the intoxication of her husband in whole or in part,
as bearing on the question of damages, it is proper for the plaintiff to show
any want of, and inability of her husband to obtain employment in conse-
quence of his previous habits of intoxication, caused by the defendant's
acts. But proof of the husband's desire for intoxicating liquor after his
recovery from insanity, should not be admitted.

5. SAME—*evidence in mitigation of damages.* In such a suit, proof of
the husband and wife drinking together, is proper in mitigation of exem

plary damages, but where other proof of the same character is admitted, the exclusion of such evidence will not be a fatal error.

6. SAME—*license no defense in civil suit for damages.* In a suit by a wife to recover damages for the sale of intoxicating liquors to her husband, the defendant's license to sell such liquors is not admissible in evidence on the defense.

7. SAME—*liability for selling.* The statute gives a right of action to any one who shall be injured in person, or property, or means of support, in consequence of the intoxication, habitual or otherwise, of any person, and the party causing such intoxication, in whole or in part, can not escape liability because he may not reasonably have foreseen the consequences.

8. INSTRUCTIONS. The employment of the words "punitive damages," instead of "exemplary damages," in an instruction, is not material, as they are synonymous.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. PUTERBAUGH, LEE & QUINN, and Mr. CHARLES FEINSE, for the appellant.

Mr. LAWRENCE HARMON, and Mr. J. K. COOPER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought on September 24, 1874, by Mary Eppy, under the Liquor Act, against William Roth, to recover for injury in her means of support, in consequence of the habitual intoxication of her husband, George Eppy, from intoxicating liquors sold and given to him by Roth.

The plaintiff in the court below recovered a verdict and judgment for $1200, and the defendant appealed.

Appellee's husband had for years been drinking to excess at appellant's drinking saloon, and continued to drink there up to the time he became insane, June 21, 1874. He was sent to the insane asylum at Elgin, in July, 1874, and remained there under treatment until some time in April, 1875, when he was released and returned home.

There are various reasons urged for the reversal of the judgment.

The averment in the declaration is, that the defendant sold and gave to Eppy intoxicating liquors, " and thereby caused him, the said George Eppy, to become, and he was during that time (before named,) habitually intoxicated." It is claimed this is an averment that the intoxication was caused *in whole* by the defendant, and that such must be the proof; that it is not sufficient that the intoxication was caused *in part*, by defendant, and that the most which the proof shows is, that defendant caused the intoxication *in part*. The statute gives the right of action where the defendant shall have caused the intoxication, in whole or in part. Contracts are entire, and must be proved substantially as alleged, but torts are divisible, and in them the plaintiff may prove a part of his charge, and recover, if there be enough proved to support the tort. *Hite* v. *Blandford*, 45 Ill. 9. This objection we regard as without force.

The point is made, that the statute upon which appellee relied for a recovery, was repealed before the suit was instituted.

The suit was brought under the provisions of an act entitled, " *An act to provide against the evils resulting from the sale of intoxicating liquors in the State of Illinois*," approved January 13, 1872, and in force July 1, 1872. It is said this act was fully revised by the statutes of 1874, in an act entitled, "*An act to provide for the licensing of, and against the evils arising from the sale of intoxicating liquors*," approved March 30, 1874, and in force July 1, 1874; that the statute of 1874 was a revision of the whole subject, and was intended as a substitute for the act of 1872, and therefore the act of 1872 was repealed and ceased to be in force July 1st, 1874, which was before the commencement of this suit. A complete answer is found to this position, on page 1012, Rev. Stat. 1874, under sections 2 and 4, where it is provided that no new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, or any

right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding.

It is insisted that the evidence fails to show any habitual intoxication on the part of George Eppy.

It is conceded by appellant's counsel that the insanity of Eppy was caused by long continued excessive use of alcoholic liquors; that he had been in the habit of using intoxicating liquors to excess for many years, but it is denied that it was to the extent of being habitually intoxicated. Very many witnesses on both sides were examined upon this point. Facts were detailed, and the opinions of witnesses given. There was a conflict of testimony as to the opinions of witnesses whether, at the various times testified to, the condition of Eppy, from the liquor he drank, was one of intoxication or not. The testimony of some of the witnesses was, that they frequently saw Eppy at defendant's place, intoxicated. Other witnesses stated his condition as verging on, but not amounting to, actual intoxication. The question was one of fact, for the determination of the jury upon the whole evidence, in the light of their own observation. We think the decision of the question should rest with the finding of the jury, no sufficient reason appearing for disturbing it.

It is urged that the court below admitted improper, and rejected proper evidence.

Eppy having recovered, he returned home from the insane asylum in April, 1875, and inquiries were made of witnesses as to his efforts to get employment, to obtain his former situation as locomotive engineer on the railroad, and his inability to do so. Exception was taken to such inquiries, which were permitted.

As bearing upon the question of damages, it was proper to show any want of, and inability to obtain employment, in consequence of Eppy's previous habits of intoxication. The in-

quiry as to his desire for intoxicating liquors should have been excluded, but the refusal to exclude the inquiry was not of sufficient importance to amount to a fatal error.  Some evidence as to Eppy and his wife drinking together was excluded, which might properly have been received on the question of exemplary damages; but there was much other evidence of the same character which was received, which was abundantly sufficient for all purpose of advantage to the defendant on that head.

There was no error in not admitting proof of a license.

Objection is taken to the giving, modifying and refusing of instructions.

Several of the questions raised under the instructions were met and disposed of adversely to the views of appellant's counsel, in the case of *Hackett* v. *Smelsley*, 77 Ill. 109, and we need not further allude thereto.   Other questions are sufficiently disposed of by what has already been said.

The third instruction for the plaintiff was, that, under its hypothesis, the jury had a right, if they thought proper, to allow the plaintiff such punitive damages as they thought the evidence warranted.

It is erroneously supposed that this militates against the decision in *Freese* v. *Tripp*, 70 Ill. 496.   All that was there decided in respect of exemplary damages, was, that, to support a finding of exemplary damages, there must be a finding of *actual* damages, and that without this, exemplary damages can not be awarded.   But the present instruction was on the hypothesis; among others, that actual damages had been sustained.   The employment, in the instruction, of the words "punitive damages," instead of "exemplary damages," was not material.   They are synonymous terms.   *Hackett* v. *Smelsley, supra.*

Some of the instructions for plaintiff may be faulty in being argumentative, but there is not sufficient in this respect to make them fatally erroneous.

We perceive no error in any modification which was made of defendant's instructions.

The 15th instruction asked by the defendant, which the court refused to give, was one that assumed to define the words, "habitual intoxication." These are terms in common use, generally understood in their application, more or less familiar to the observation of all unprofessional persons, of no peculiar legal signification calling for judicial exposition.

The definition which was here asked to be given was not especially instructive to a jury. We do not consider that, for the want of this instruction, there was a loss to the jury of any essential enlightenment on the question of what was habitual intoxication.

Appellant's 5th refused instruction was to the effect that defendant was not responsible for consequences which he or any reasonable or prudent man could not reasonably have foreseen as the natural consequence of selling liquors to the plaintiff's husband.

The provision of the statute is, that one who shall be injured in person or property, or means of support, in consequence of the intoxication, habitual or otherwise, of any person, shall have the right of action.

We regard the instruction as properly refused.

Appellant's 6th refused instruction is confused, not sufficiently intelligible, and properly enough refused by the court.

Appellant's 12th refused instruction was calculated to mislead the jury, who would be likely to conclude from it that they could not, in their verdict, go beyond the actual damages sustained, and give exemplary damages.

The remarks already made in reference to appellee's 3d instruction are applicable to this 12th refused instruction.

It is lastly complained that the damages are excessive. From an examination of the evidence, we see no sufficient ground for any interference with the verdict of the jury on this score.

Finding no error in the record sufficient for the reversal of the judgment, it must be affirmed.

                              *Judgment affirmed.*

Mr. JUSTICE BREESE:   I do not concur in this opinion, believing instructions one, three and five, for the plaintiff, should not have been given.

I think the damages are excessive, as plaintiff knew the habits of her husband when she married him.