WILLIAM BRANNON *et al.*

*v.*

CAROLINE SILVERNAIL.

1. PLEADING AND EVIDENCE—*variance—whether material.* Where, in a suit by a wife for injuries sustained by reason of the sale of intoxicating liquors to her husband, the allegation was that the defendant sold liquors to the husband, and thereby caused him to become an habitual drunkard, and the proof was that the liquors sold by defendant only in part caused the husband to become an habitual drunkard, it was *held*, there was no material variance.

2. INTOXICATING LIQUORS—*exemplary damages in suit by wife for sale to husband.* The fact that the saloon keeper is liable to be indicted for the same act upon which a suit by a wife is brought against him, for selling liquors to her husband, does not preclude the wife from recovering exemplary damages, where she has first proved actual damages, and the evidence warrants exemplary damages.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the appellants.

Mr. S. C. CONWELL, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This action was brought by appellee against appellants, for causing the intoxication of her husband, whereby she claims to have sustained serious injury. Judgment was given for appellee, for the amount found by the verdict of the jury, $300, and the case is brought here, by the appeal of the defendants below.

1st. It is argued, there is a variance between the allegations and the proofs, in this:

The allegation is, appellants sold liquor to appellee's husband, and thereby caused him to become an habitual drunkard; whereas the evidence shows the liquors sold him by them, only *in part* caused him to become an habitual drunkard.

This is immaterial. The *gist* of the action is, that appellants sold appellee's husband liquors, whereby he became intoxicated, in consequence of which intoxication she sustained certain injuries; and in this regard there is no substantial variance between the allegations and the proofs. *Roth* v. *Eppy*, 80 Ill. 283.

2d. The second instruction, given at the instance of appellee, and objected to by appellants, is based upon the correct theory, that is to say, that the gist of the action is, appellants sold liquor to appellee's husband, causing his intoxication, whereby she has sustained damages, and it is unobjectionable.

3d. It is a misapprehension that *Freese* v. *Tripp*, 70 Ill.

496, sustains the position that exemplary damages can not be recovered against the saloon keeper, merely because he is liable to be indicted for the same act. We have frequently held that exemplary damages can not be recovered, unless there is first laid a basis of proof of actual damages; but where there is proof of actual damages, exemplary damages (the proof warranting it) may also be given, without regard to whether the party may or may not be liable to indictment and punishmen criminally, for the act or acts complained of. *Roth* v. *Eppy, supra.*

We have carefully examined the evidence, and, in our opinion, it fully sustains the verdict.

The judgment is affirmed.

*Judgment affirmed.*