DOUGLAS D. LOWRY

*v.*

SYLVIA L. COSTER.

1. CHANGE OF VENUE—*from circuit to city court.* On granting a change of venue by the circuit court, the court may send the cause to some other court of record of competent jurisdiction, in the same or some other convenient county, to which there is no valid objection. A civil cause may be sent from the circuit court of Kendall county to the City Court of Aurora.

2. SAME—*right to object because fees not paid.* Where a defendant obtains an order for a change of venue to another court upon condition he pays the clerk the expenses attending the change within a specified time, and he fails to pay such charges, and the clerk nevertheless makes out the necessary record and transmits the same with the papers, the defendant can not take advantage of his own wrong or neglect to pay to defeat the change and have the cause remanded back.

3. ERROR—*when no ground of reversal.* Where the whole record shows that no evidence was admitted or excluded on the trial calculated to defeat the ends of justice or prevent a fair, impartial verdict, this court will not reverse for slight or technical errors in respect to the admission of evidence.

4. EVIDENCE—*parol, to prove marriage.* In a civil action, record evidence to prove a marriage is not necessary, but it may be shown by parol, or proved by reputation, declarations and conduct of the parties, and other circumstances usually accompanying that relation.

5. EXEMPLARY DAMAGES — *suit by wife for injury from intoxication of her husband.* In a suit by a wife against a party to recover for an injury in her means of support in consequence of the habitual intoxication of her husband from liquors sold him by the defendant, if actual damages are shown, then the jury may allow exemplary damages.

6. SAME—*as to character of exemplary damages—former decision.* There is no distinction between exemplary damages and damages allowed as a punishment. In so far as the case of *Meidel* v. *Anthis,* 71 Ill. 243, declares a different rule, it is overruled.

Appeal from the Appellate Court of the Second District; the Hon. Edwin S. Leland, presiding Justice, and the Hon. Joseph Sibley, and the Hon. Nathaniel J. Pillsbury, Justices.

Mr. B. F. Parks, and Mr. Paul G. Hawley, for the appellant.

Mr. Randall Cassern, for the appellee.

Mr. Chief Justice Craig delivered the opinion of the Court:

This was an action on the case, brought by Sylvia L. Coster, in the circuit court of Kendall county, against Douglas D. Lowry, under the Dram-shop act, to recover for injury in her means of support in consequence of the habitual intoxication of her husband, Philander C. Coster, from intoxicating liquors sold him by the defendant. On a trial of the cause in the City Court of Aurora, before a jury, to which the venue had been changed by the circuit court on the application of the defendant, the plaintiff recovered a judgment for $1000, which, upon appeal, was affirmed in the Appellate Court. The defendant, however, not being satisfied with the decision of the Appellate Court, has prosecuted an appeal to this court.

The first error relied upon is, that the circuit court had no right to change the venue of the cause to the City Court of Aurora. Section 191, Rev. Stat. 1874, page 345, provides that city courts shall have concurrent jurisdiction with the circuit courts within the city in which the court is located, in all civil cases, and in all criminal cases except treason and murder, and in appeals from justices of the peace in the city. Section 2 of the Venue act, Rev. Stat. 1874, page 1093, provides that when a change of venue is granted, it may be to some other court of record of competent jurisdiction, in the same or some other convenient county to which there is no valid objection. Under these provisions of the statute, we perceive no reason why the venue might not properly be

changed to the city court. It was a court of record of competent jurisdiction, which is all the statute requires.

Section 13 of the Venue act declares: "The order shall be void, unless the party obtaining a change of venue shall, within fifteen days, or such shorter time as the court or judge may prescribe, pay to the clerk the expenses attending the change." The expenses attending the change were not paid by the defendant. The clerk, however, made out the necessary record, and forwarded all the papers to the city court, where the defendant entered a motion to remand to the circuit court, because the costs had not been paid. The defendant could not take advantage of his own wrong. It was his duty to pay the costs. Perhaps the other side might have availed of his failure to do so, but the defendant could not. If the papers were transmitted to the city court, and the plaintiff made no objection on the ground the costs had not been paid, defendant had no right to make any objection.

Several objections are urged to the decisions of the court during the trial on the admission and exclusion of evidence. While it may be true that the technical rules of evidence may not have been strictly observed, yet, after a careful examination of the whole record, we fail to perceive that any evidence was admitted or excluded which would defeat the ends of justice, or prevent a fair, impartial verdict in the case. Under such circumstances, although slight error may have been committed, no ground for a reversal of the judgment exists.

It is insisted, that record proof of the marriage was required, and the court erred in permitting plaintiff to testify to the marriage. This was a civil action, and we do not understand that record evidence of the marriage was required. Greenleaf on Evidence, sec. 461, lays down the rule, that upon the trial of indictments for polygamy and adultery, and in actions for criminal conversation, direct evidence of marriage is required, but in all other cases any other satisfactory evidence is sufficient. In sec. 462 it is said, marriage may also be proved, in civil cases, by reputation, declarations and conduct

of the parties, and other circumstances usually accompanying that relation.

Two instructions (seven and eight), which were given for the plaintiff, are claimed to be erroneous. The seventh declares: "The jury are instructed, that by exemplary damages is meant, in law, such damages as will be an example or warning to others, and as a punishment to the defendant." Instruction number six, which precedes this one, directed the jury, that if they found, from the evidence, that plaintiff had sustained actual damages, then they might go further and allow exemplary damages, and it is contended by the plaintiff that nothing but actual damages can be recovered in a case of this character. It is a sufficient answer to the position of defendant, that the statute under which this action was brought, in express terms authorizes the recovery of exemplary damages, and in two cases, *Roth* v. *Eppy*, 80 Ill. 283, and *Hackett* v. *Smelsley*, 77 id. 109, where the statute was involved, it was held that exemplary damages could be recovered.

The point attempted to be raised by the counsel for defendant, that no person shall twice be punished for the same offense, does not arise on this record, as it does not appear that the defendant has ever been indicted, prosecuted or punished, under the statute, for a sale of liquor to the husband of the plaintiff. Should the damages in this case be recovered, and should the defendant then be prosecuted, the question attempted to be presented would then arise, and it will be ample time to decide the question when it is properly presented. It is sufficient for the purposes of this case that the statute authorizes exemplary damages, and the validity of the statute has been fully sustained in the cases cited. It is true, in *Meidel* v. *Anthis*, 71 Ill. 243, language is used from which it might be inferred there was a distinction between exemplary damages and damages allowed as a punishment, and that case is cited to condemn the instruction. There is, however, no distinction between exemplary damages and damages allowed as a punishment. Exemplary damages, punitive damages, or damages

recovered as a punishment, all mean the same thing. *Roth* v. *Eppy, supra.* And in so far as the case of *Meidel* v. *Anthis* declares a different rule, it must be overruled.

The criticism on the other instruction (number eight) has no foundation in fact. The jury were not directed that the encouragement of Coster to play billiards at his saloon was an element of damage to be considered, as is clearly shown by the concluding portion of the instruction.

The court, at the request of the defendant, gave eight instructions to the jury in his behalf, and refused eighteen instructions. The refusal to give these eighteen instructions is assigned for error. We have not the time to enter upon a discussion of these refused instructions, and it will be of no benefit to the parties to do so. It is sufficient that the law involved in the case was fully and fairly given to the jury by the instructions which were given. Some of the refused ones are a mere reiteration, in another form, of what was embraced in those given. Others, on the question of damages, have been disposed of by what has been heretofore said on that subject. Others required a stricter rule of proof than required by the law. As the jury was fully instructed as to the law of the case, although some of the refused instructions may contain correct propositions of law, we perceive no ground for a reversal of the judgment on account of the decision of the court on instructions.

It is also contended that the damages are excessive, but they are not so high as to authorize a reversal on that account.

We perceive no substantial error in the record, and the judgment will be affirmed.

*Judgment affirmed.*