## George Taylor
### v.
## Samuel G. Weagley et al.

1.  Equity—Jurisdiction.—When a judgment has been obtained as the result of fraud, accident or mistake, and without the neglect or fault of the defendant, a court of equity will entertain a bill to set aside the judgment and declare the same canceled or satisfied, or grant a new trial, as the nature of the case may require.

2.  Same.—And similar relief will be accorded where, after judgment, circumstances occur which render it inequitable to enforce payment.

3.  Same.—But no bill will lie in the circuit court to enjoin the execution of final process upon a judgment of the appellate court for damages and costs on an appeal dismissed.

Appeal from the Circuit Court of Morgan county; the Hon. Cyrus Epler, Judge, presiding. Opinion filed December 4, 1885.

On the 14th day of June, 1882, appellant, George Taylor, recovered a judgment against appellees for $6,282.87, in the Morgan Circuit Court. On the same day they prayed an appeal to the appellate court, which was allowed on their entering into bond in the penalty of $7,000, with security to be approved by the clerk. Bond was to be filed in thirty days.

On the 15th day of July, appellees presented to the circuit clerk their appeal bond, dated July 13th, which was approved by the clerk and filed. The appeal bond contained the usual recitals.

Appellees failing to file the record in the appellate court, at the November term, 1882, appellant (on the 26th day of January, 1883,) filed a short record, and caused the case to be dismissed in the appellate court; and his damages were assessed at $314.14, and costs at $19.17, for which execution was ordered by the court, and afterward issued by the clerk.

Subsequently, on the 4th day of March, 1883, appellees paid to the clerk of the circuit court the amount of the original judgment.

At the November term, 1883, appellees, after giving appellant notice of their purpose, filed their motion in the appellate court to re-docket said cause, and set aside the order of dismissal and assessment of damages. This motion was heard and overruled. The same causes were assigned as are set out in the bill of complaint herein.

On the 24th day of April, 1884, appellees, Weagley and Boyce, filed their bill for an injunction, in the Morgan Circuit Court, restraining the sheriff from the collection of the execution issued by the clerk of the appellate court for the amount of the damages and costs assessed by the appellate court on dismissing the appeal.

Appellant Taylor and Sheriff Wright filed their answers, and the cause was tried at the November term, 1844, of said circuit court, and a decree was entered perpetually enjoining appellee from collecting the judgment of the appellate court for said damages and costs, and also enjoining the sheriff from collecting the execution issued by the clerk of the appellate court.

To reverse this decree appellant Taylor brings the case to this court, and assigns for error the findings and decree of the circuit court.

Messrs. BROWN & KIRBY, for appellant; that the circuit court had no jurisdiction, cited R. S. Ch. 110, § 74; Anonymous, 11 Ill. 487; Price v. Pittsburg, F. W. & C. R. R. Co., 40 Ill. 44.

Messrs. MORRISON & WHITLOCK, for appellee; cited Constitution 1870, section 12, article 6; Robins v. Swain, 68 Ill. 202; Foote v. Despain, 87 Ill. 30; Beams v. Denham, 2 Scam. 58; Wilday v. McConnel, 63 Ill. 278.

WALL, P. J. When a judgment has been obtained as the result of fraud, accident or mistake, and without the neglect or fault of the defendant therein, a court of equity will entertain a bill to set aside the judgment and declare the same canceled or satisfied, or grant a new trial, as the nature of the case may require.

Taylor v. Weagley.

Similar relief will be accorded where, after judgment, circumstances occur which render it inequitable to enforce payment.

Numerous cases cited by counsel in our own reports illustrate these principles, but such cases are to be distinguished from the case at bar.

The elements of fraud, accident or mistake, which would confer jurisdiction in equity, are not found in the present case, nor are there any subsequently occurring reasons for enjoining the judgment.

Obviously, the real and only ground upon which the decree can rest is, that the action of the appellate court in dismissing the appeal and entering judgment for damages was erroneous. The circuit court has general, original jurisdiction, but it is beyond its power thus to correct the errors of this court.

If one court may in this way supervise the judgments of another and prevent the execution of its final process, the result would be confusing and unsatisfactory in the extreme. If the order in question was irregular or inadvertent, there was power in the court making it to grant a rehearing under the rules, or upon motion to recall the process. It seems that such remedy was invoked but without success, though the reasons operating upon the court to deny the motion do not appear.

Another important consideration must be borne in mind. A court of equity will not ordinarily interfere on behalf of one who seeks relief from the consequence of his own fraud, neglect or misconduct.

The trouble here all flows from the act of the complainants in filing the appeal bond. It must be presumed they knew the bond was not filed in due time. They must have had some purpose in so filing it. That purpose could not have been a proper one. They can not now be heard to say they meant nothing by it, that no harm was done, and while ostensibly they were perfecting the appeal, yet, as their time had expired, the plaintiff should have paid no attention to it.

They can not complain that the most certain and effective means was adopted to remove an apparent, if not a real obstruction, out of the way of enforcing the judgment, and at the same time ask a court of conscience to relieve them from the natural consequence of their own voluntary act.

The bond was filed July 15th, yet it was not till the following March, after the appeal was dismissed, that they paid the judgment. Having enjoyed this delay they should not object to its cost.

"It may be laid down as a broad proposition that one who takes a particular position in course of a litigation must, while that position remains unretracted, act consistently with it." Bigelow on Estoppel, 562, 601; Lowry v. Coster, 91 Ill. 182.

The decree of the circuit court will be reversed and the cause remanded, with directions to dismiss the bill at the cost of the complainants therein.

Reversed and remanded.