THE EAST ST. LOUIS CONNECTING RAILWAY COMPANY

*v.*

PATRICK ENRIGHT.

*Filed at Mt. Vernon October 22, 1894.*

1. CHANGE OF VENUE—*from one city court to another.* The City Court of East St. Louis may properly send a case, on change of venue, to the City Court of the city of Alton.

2. INSTRUCTIONS—*different paragraphs should be read together.* In determining whether an instruction containing a number of paragraphs correctly states the law, the different paragraphs should be read together.

WRIT OF ERROR to the Appellate Court for the Fourth District ;—heard in that court on writ of error to the City Court of the city of Alton ; the Hon. J. E. DUNNEGAN, Judge, presiding.

Mr. CHARLES W. THOMAS, for the plaintiff in error.

Mr. A. R. TAYLOR, for the defendant in error.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was an action on the case, brought by defendant in error, in the City Court of East St. Louis, against plaintiff in error, to recover damages for personal inju-

ries alleged to have been sustained by him in consequence of the negligence of the latter.    The venue was changed to the City Court of Alton, on motion of plaintiff in error, who afterwards moved that court to remand the cause to the court whence it had come.    The motion to remand was denied, to which ruling exception was duly taken. The cause then proceeded to trial before a jury, and defendant in error recovered a judgment for $5000. Plaintiff in error now asks that that judgment, and the judgment of the Appellate Court affirming it, be reversed.

· By the judgment of the Appellate Court the facts in this case are conclusively settled in favor of defendant in error.    They are, briefly, as follows :    On the 14th day of July, 1890, Enright, the defendant in error, who was then in the employ of plaintiff in error as a laborer, was ordered by one Haines, assistant superintendent of plaintiff in error, to dig a trench so as to shift a telegraph pole along such trench to the place desired.    Enright dug the trench as ordered.    After having removed considerable of the earth from about the pole, it fell on and seriously injured him.    Enright had had no experience in such work, and had no notice that it was dangerous. The wires were fastened on the pole, and he supposed they would sustain it ; that, as testified to by Haines, in so shifting a pole props should be set up so as to hold it in an upright position, and that two men should handle the props ; that it was necessary for their security that the men be protected in that way; that Haines did not have the usual telegraph props with forked ends, but intended to use a spike pole for that purpose, which he neglected to do.    He called one Lucky away from digging in the trench and told him to go and get the spiked pole, intending to return soon himself and direct the work, but his attention was called to another matter so that he did not return for about two hours, and after the injury had been done.    He admitted that he forgot about Enright. Lucky, who was sent after the poles, did not return.

Enright was not notified that supporting poles were necessary, or that Lucky had been sent after them.   He was not warned, nor was he aware, of the danger.

The first contention is, that the trial court erred in denying the motion of plaintiff in error to remand the cause to the City Court of East St. Louis.   In support of this claim it is urged that the City Court of Alton had no jurisdiction to try the cause.   In *Lowry* v. *Coster*, 91 Ill. 182, the question was raised whether the circuit court of Kendall county, where the suit was originally begun, had a right to change the venue of the cause to the City Court of Aurora, and we held that it had.   The same constitutional and statutory provisions bearing on the question were in force then as now, and no reason is perceived why we should not be governed by that decision.   The reasoning employed in that case is applicable to the case at bar.   In the motion to remand, filed by plaintiff in error, no cause was assigned why the motion should be allowed.   We fail to see wherein the trial court erred in denying that motion.

The next contention is, that the trial court erred in giving the first instruction asked in behalf of defendant in error, complaint being made of the fourth and fifth paragraphs thereof.

The fourth paragraph is said to be objectionable because it assumed certain propositions of fact to be true. It is as follows : "And if the jury further find, from the evidence, that said Haines did not exercise ordinary care in so neglecting to direct such braces and guards to be used and in so failing to furnish any appliance therefor, and that thereby said pole was caused to so fall upon and injure plaintiff."   Were this paragraph not qualified by the one preceding, it would indeed be open to the objection charged against it.   The third paragraph is as follows : "And if the jury further find, from the evidence, that said Haines directed said work to be so done, and did not direct said pole to be so braced and guarded, and

did not furnish any appliances for such braces or guards." When, however, the two are read together and in connection with the rest of the instruction the meaning of the fourth paragraph is explained, and the complaint made against it is seen to be without merit.

The fifth paragraph is as follows : "And if the jury further find that plaintiff was inexperienced in said work and ignorant of the danger incident thereto, and that the plaintiff was exercising ordinary care in said work at the time of this injury, then the plaintiff is entitled to recover." Wherein it was materially wrong we cannot see. The instruction, as a whole, was not substantially erroneous.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*