### John M. Stringam v. Amanda J. Parker.

1.   VENUE—*Change of, to a County out of the Circuit.*—Under the
statute providing that when a change of venue in a suit is granted, it
may be to some other court of record of competent jurisdiction in the
same county, or to some other convenient county to which there is no
valid objection, it is not error to send it out of the circuit.

2.   CONTINUANCE—*When the Evidence set out in the Affidavit is Im-
material.*—It is not error to refuse a continuance upon the ground of the
absence of witnesses, when the facts to be proved by them, as set out in
the affidavit, are immaterial.

**Memorandum.**—Action under the dramshop act.   In the Circuit Court
of Brown County, on change of venue from Scott County; the Hon. JEF-
FERSON ORR, Judge, presiding.   Declaration in case; plea of not guilty;
trial by jury; verdict and judgment for plaintiff; appeal by defendant.
Heard in this court at the May term, 1894, and affirmed.   Opinion filed
November 20, 1894.

OSCAR A. DeLEUW and F. D. McAVOY, attorneys for ap-
pellant.

EDWARD YATES and W. H. CROW, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE
COURT.

Appellee brought this action in Scott county upon a dram-
shop bond, against appellant, the principal, and W. C.
Wright, J. E. Arundel and John R. Bagby, the sureties
thereon, claiming injury to her means of support by the

death of her husband, alleged to have been caused by intox-
ication from liquor sold to him by appellant. The venue was
changed to Brown county, where it was tried. In the course
of the trial, plaintiff, over objection by defendant Stringam,
dismissed her suit as to the sureties and filed an amended
declaration, in case, against him for the same cause of ac-
tion. She obtained a verdict for $2,000 damages, which
the court refused to set aside and rendered judgment there-
on, and he prosecutes this appeal therefrom.

The proof is that appellee, with her husband, resided at the
time of his death and for many years previously, at Griggs-
ville, in Pike county. He had carried on the drug busi-
ness until the last year, when he engaged in selling agri-
cultural implements and dealing in real estate. He had
accumulated some property, and provided for his family—his
wife and one child, a boy about eleven years of age—a good
living. At half past one o'clock in the afternoon of Janu-
ary 18, 1892, he left his home in a sleigh with an old and
gentle horse, for Naples, somewhat under the influence of
liquor. A little after four o'clock he went into the saloon
of appellant, which he carried on by his agents, at Naples,
slightly but noticeably intoxicated, remained there from a
half to three-quarters of an hour, during which he took three
drinks at the bar and purchased a two-gallon jug of whisky.
When he left, about five o'clock, he was plainly drunk. The
weather was very cold, with snow and high wind. Some
time in the night or following morning his horse, hitched to
the sleigh, came to the house of a witness who recognized it
as Parker's, and cared for it. After breakfast he hitched it
again to the sleigh and started to find him. Retracing the
tracks he found his body lying beside a tree some three miles
south of Naples, frozen and dead. Appearances in the snow
clearly indicated that, having gotten out of the traveled road
into the ditch at its side, the sleigh struck a stump, and Parker,
with his jug and lap-robe, had been pitched out; that having
picked up the jug he wandered back and forth several hun-
dred yards, deposited it on the stump of a tree and went on
to where his body was found, laid down with his overcoat

under his head and was frozen to death. That this was attributable to his intoxicated condition as the proximate cause is beyond any reasonable doubt, and that the liquor he purchased and drank at appellant's saloon largely contributed to produce that condition, is no less apparent from the evidence. Upon these questions there is no conflict in it.

Appellant resided at Jacksonville, in Morgan county, and he and Wright were served with process in that county. Arundel and Bagby, the two other sureties, resided at Bluffs, in Scott county, and were there served. But all appeared and pleaded to the action brought. At the first term of the court in Scott county, appellant, with the concurrence of his co-defendants, filed a petition for a change of venue on the ground of prejudice of the presiding judge, who thereupon made an order sending the cause for trial to Brown county, almost adjoining Scott, but out of the circuit; to which exception was taken. At the term in Brown county next following, the defendants, limiting their appearance to that purpose, entered their motion to remand it to Scott, which the court denied, and to that ruling also exception was duly taken. A trial followed, resulting in a failure of the jury to agree upon a verdict and a consequent continuance to the next term. At that term a motion of defendants for a further continuance, founded on affidavits of appellant and one of his attorneys, was overruled, and the cause was then again tried, with the result now under review.

Error is assigned upon the overruling of these motions and the action of the court in the matter of instructions.

It is said that the Circuit Court of Brown County had no jurisdiction to try the cause and should therefore have remanded it to Scott; and that the order changing the venue was void for want of power in the court to send the case out of the circuit.

That it had that power in some cases can not be denied. Under the old judicial organization, by which only one judge was provided for each circuit, the statute required it to be exercised where the application for a change was based upon the allegation of his prejudice against the applicant; and

now, when based upon that of all the judges of the circuit in which the cause is pending, it might for the same reason be so ordered.    In other cases it is left to the judicial discretion of the presiding judge to whom the application is made, to be exercised chiefly with reference to convenience.    The provision of the statute is that " when a change of venue is granted it may be to some other court of record of competent jurisdiction in the same county or to some other convenient county, to which there is no valid objection," with a proviso that where the cause was pending in the Circuit or Superior Court of Cook County, for each of which there was more than one judge, if the ground of the application was the prejudice of the one then presiding, it might be sent to one of the other judges of the same court to whom the objection did not apply.    But that is not mandatory and we know of no limitation to the discretion of the judge, except those above stated, viz., that it must be sent to some other court of record of competent jurisdiction, and of the same or some other and convenient county.    Lowry v. Coster, 91 Ill. 182.    Of necessity he must determine the question of convenience.    Since the other circuits have been provided with three judges each, the proviso as to Cook county has been in practice treated as applicable to them also, but is no more mandatory.    It is still a question of convenience, which is usually and properly, but not necessarily, determined in favor of the same county.  It must still be determined by the presiding judge, in the exercise of judicial discretion.    Any abuse of it is error, of which the party thereby prejudiced may rightly complain and have corrected.    In this case the record shows that most of the witnesses were residents of Naples, where the wrong, if any, was committed; and that the fact would be so was to be anticipated.    This court has not the means of determining that it was not, on the whole, more convenient and less expensive for that or other reasons to have the cause tried in Brown county rather than in Scott or any other in the same circuit.    If the Circuit Court of Brown County, which was a court of record, of competent jurisdiction to try such a cause against any party

properly before it, was also reasonably convenient, the presiding judge of the Circuit Court of Scott County had power to send the cause to it for trial, and the refusal to remand it was not error. We see no abuse of discretion in sending it there.

It is to be further observed that appellant, who was the real wrongdoer charged, and principal defendant in the action as originally brought, appeared, pleaded, and made defense to it, and to the amended declaration, and also moved for a continuance and submitted to a trial. His case is therefore quite unlike that of Herkimer v. Sharp, cited from 5 Bradw. 620, in which, however, it is said that if the defendant, against whom judgment was taken by default after dismissal of the suit, against the party resident, and served in the county where the action was brought, had pleaded to it, as appellant here did, he would thereby have conceded the jurisdiction and been bound by the judgment.

The affidavits for continuance, whether under the statute or addressed to the discretion of the court, were materially defective. They set forth the absence, by reason of illness, of the defendant and of Mr. DeLeuw, one of his counsel, and of two witnesses in Pike county, for whom subpœnas had been issued and returned not found. The court took notice of the fact that the defendant had been a witness on the former trial and testified only to the directions he had given his agents as to the conduct of the business intrusted to them, which was immaterial. He knew nothing of what occurred at Naples. The counsel who conducted this trial on his behalf had also, in conjunction with Mr. DeLeuw, conducted the former trial, and no reason was shown for supposing that he needed any assistance on this, or that his client was prejudiced by the want of it. The witnesses from Pike county were wanted to prove only that the two gallon jug, when found, was full. The coroner testified that when produced before him it was nearly so. But what if it was entirely full ? The evidence was abundant that when Parker left appellant's saloon he was drunk and needed nothing from the jug to make him so. The motion for a continuance was therefore properly overruled.

As to the instructions, the complaints are that the court told the jury that if the material allegations of the declaration were proved by a preponderance of the evidence, without stating what were the material allegations, they should find for the plaintiff. It is true that in the instruction given for plaintiff they were not stated, but in the first given for defendant they were fully and numerically set forth, which cured the alleged defect. St. L. & K. C. R. R. Co. v. Bailey, 145 Ill. 159.

The refused instruction asked by defendant was fully given in others.

We are of opinion that the verdict was clearly right upon the evidence, and that no error of the court complained of, if rightly complained of, would warrant a reversal of the judgment. It will therefore be affirmed.