### George Beckerle et al. v. John Brandon et al.

DRAM-SHOP ACT—*liability of landlord for exemplary damages.* One who demises premises for saloon purposes may, in an action instituted under section 9 of this act, be held for exemplary damages.

Proceeding under section 9 of Dram-Shop Act. Appeal from the Circuit Court of Jackson County; the Hon. WILLIAM N. BUT-LER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

JAMES H. MARTIN, for appellants.

HERBERT & LEVY, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant, George Beckerle, was a dram-shop keeper, in the city of Murphysboro, doing business in a building owned by appellant, D. P. Willis. On the evening of August 31, 1905, John Brandon, Jr., a son of appellees, John and Sarah Brandon, then between 17 and 18 years of age, went to Beckerle's saloon, with several other boys and remained there drinking intoxicating liquors until closing time. At midnight, which was the closing time, young Brandon, who had in the meantime become intoxicated, was given a free drink in accordance with the custom of the saloon, which provided

for giving a drink free of charge to all who would stay until closing time. After the closing of the saloon, Brandon, with two other boys, all of whom lived at Mt. Carbon on the other side of the Big Muddy river from the city of Murphysboro, started across the railroad bridge of the Illinois Central Railroad Company on their way home, and when part way across the bridge, sat down and fell asleep. During the night young Brandon was struck by an engine drawing a train of cars, without fault on the part of those in charge of the same, and received injuries from which he soon afterwards died.

Deceased was at the time of his death employed as a mule driver in a coal mine, earning $2.42 a day. He gave his earnings to his father and mother, who used them to assist in supporting themselves and their seven other minor children. Appellees brought suit under section 9 of the Dram-Shop Act against appellants, and obtained a judgment for $3,000, to review which the defendants below bring the case to this court.

The principal objection made by appellants, is that the court, by its instructions, told the jury in assessing damages they were not limited to mere compensation for actual damages sustained, but might also give exemplary damages. In this case the dram-shop keeper or his bar-keeper, not only furnished intoxicating liquor to a minor, but also continued to do so after that minor had become intoxicated and this illegal action resulted in the death of the minor and the consequent injury to the means of support of his parents.

The case was clearly one for exemplary damages, but it is claimed by appellants that the owner of the building who rents it to another for saloon purposes, is not liable for exemplary damages and that therefore it was error to give instructions allowing the jury to give exemplary damages against appellants, who were sued jointly. Whatever may be the rule upon this subject in other States it is settled in this State that the landlord is liable for exemplary damages.

Section 9 of the Dram-Shop Act provides, "every husband,

wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages."

This statute has been construed by our Supreme Court in the case of Hackett v. Smelsley, 77 Ill., 109, where it is said: "It must be admitted, the meaning of the statute in respect of exemplary damages is not so perspicuously expressed as it might have been. But, taking the two clauses together, we cannot think it to be their true construction, that it was intended to draw a distinction between the seller, and the owner of the building, and subject them to a different measure of liability—the one for actual damages only, and the other for both actual and exemplary damages. The second clause, in express words, makes them liable, severally or jointly, for all damages sustained, and for exemplary damages. It certainly could not have been supposed that, in the joint action, there would be separate judgments rendered, against the one for the actual damages sustained, and against the other for actual and also exemplary damages. This would be contrary to all legal rule. There is nothing indicative of the idea of a different degree of culpability between the two classes of persons, or that there should be a difference of recovery against them. The only liability for damages which is prescribed, is one for all damages sustained, and for exemplary

Beckerle v. Brandon.

damages; and that the owner of a building and the seller shall be severally or jointly liable therefor. In a joint suit against them, there may be a recovery against both, for actual and exemplary damages. In a several suit against either, we are of opinion there may be a recovery of both actual and exemplary damages."

The court therefore did not err in giving instructions which permitted the recovery of exemplary damages against the landlord Willis as well as against his tenant, Beckerle.

Appellants also claimed that the court erred in not allowing them to show the conduct of the father as to sobriety, and that he encouraged his son by drinking with him at other places than Beckerle's saloon, as affecting the measure and kind of damages. This was a joint suit by the father and mother and even if the evidence mentioned had been proper as against the father, it was not admissible as against the mother. The court however admitted the testimony of several witnesses, tending to show that the father was a drinking man, that he permitted his son, the deceased, to drink and that he even drank with him, so that the subject so far as competent evidence was concerned, was fully covered. In Roth v. Eppy, 80 Ill., 283, where an objection of like import was made, it was said by the court, "Some evidence as to Eppy and his wife drinking together was excluded, which might properly have been received on the question of exemplary damages; but there was much other evidence of the same character which was received, which was abundantly sufficient for all purposes of advantage to the defendant on that head."

In this case substantial justice has been done and as no error was committed in the trial of the cause, affecting the rights of the parties, the judgment will be affirmed.

*Affirmed.*