## WILLIAM H. KING

*v.*

## WILLIAM HALEY *et al.*

1. INTOXICATING LIQUORS — *statute construed* — *liability to person injured.* By section 9 of the act entitled "Dram Shops," a cause of action is given to any one who may be injured in his person or property or means of support, by any intoxicated person, jointly or severally against such person or persons who may have caused the intoxication, in whole or in part, of the person who commits the injury. An action is also given to any one who may in the same manner be injured "in consequence" of the intoxication of any one, whether habitual or otherwise, against the parties causing the intoxication.

. 2. An action lies for the direct damage done by a drunken person, as well as for damages that arise in consequence of the intoxication. Thus, where an intoxicated person on board a freight train, in flourishing a pistol, shot and wounded another, such other was *held* to have a cause of action against the parties causing the intoxication by the sale of spirituous liquors to the person who committed the injury.

3. An instruction that, if the person committing an injury while intoxicated had sufficient time between the drinking and the infliction of the injury to have recovered from the intoxicating effect of such drinking, the parties selling the liquor to him were not liable, was *held* erroneous. The only proper question for the jury should be whether the drunken man had in fact recovered from the effects of drunkenness.

4. INSTRUCTION — *must be based on the evidence.* An instruction as to the state of facts, which is not supported by evidence, ought not to be given.

5. PLEADING — *declaration for injury caused by intoxicated person.* A count in a declaration to recover damages for personal injuries inflicted by a drunken man averring that the defendants were each of them engaged in the business of selling intoxicating liquors, and that on, etc., at, etc., defendants sold to one K intoxicating liquors, which were drank by him, and, being intoxicated in consequence of the liquors so sold to and drank by him, then and there made an assault upon the plaintiff with a pistol loaded with gunpowder and leaden ball, and shot and discharged such pistol at plaintiff, by which he inflicted upon the plaintiff a serious wound, causing great suffering and pain, shows a good cause of action, and is not bad on general demurrer.

APPEAL from the Circuit Court of Lee County; the Hon. W. W. HEATON, Judge, presiding.

This suit was brought by William H. King against William Haley and Rudolp Heideklaing, to recover damages for personal injuries inflicted upon him by Solomon Koffman while intoxicated with spirituous liquors sold to him by de-

fendants. In the first count, among other things, it is averred defendants were each of them engaged in the business of selling intoxicating liquors, and that on November 30, 1875, at Rochelle, in Ogle county, defendants sold Koffman intoxicating liquors which were drank by him, and, being intoxicated in consequence of the liquors so sold to and drank by him, then and there made an assault upon plaintiff with a pistol loaded with gunpowder and leaden ball, and shot and discharged such pistol at plaintiff, by which he inflicted upon plaintiff a serious wound, causing great suffering and pain.

The second count is substantially like the first, except it contains an additional averment — that the injury to plaintiff was in " consequence of intoxication," caused by intoxicating liquors drank by Koffman, and which had been sold to him by defendants.

A general demurrer was interposed to both counts of the declaration, which was sustained as to the first, but overruled as to the second count.

On application of defendants the venue was changed to Lee county, where a trial was had which resulted in a verdict for defendants. Plaintiff brings the cause to this court on appeal.

Mr. B. H. TRUSDELL, for the appellant.

Mr. J. V. EUSTACE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The decision of this case involves the construction of the 9th section of the act entitled " Dram Shops." The first count of the declaration, to which a demurrer was sustained, was framed with a view to recover for personal injuries, under that clause of the section which provides that any person " who shall be injured in his person * * * by any intoxicated person * * * shall have a right of

action in his or her own name, severally or jointly against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons." It will be observed the other clause of the section gives the right of action to any one who may be injured in like manner "in consequence" of the intoxication, habitual or otherwise, of any person.

With the wisdom of this statute we have nothing to do. Our duty is to declare its meaning as plainly expressed. Construction can hardly make it plainer than it is. A cause of action is given to any one who may be injured in his person or property, or means of support, by any intoxicated person, jointly or severally against such person or persons who may have caused the intoxication, in whole or in part, of the person who commits the injury. An action is also given to any one who may in the same manner be injured "in consequence" of the intoxication of any one, whether habitual or otherwise, against the parties who may cause such intoxication. In the one case it is for the direct injury inflicted by "an intoxicated person," and in the other it is for such damages as may arise "in consequence" of such intoxication. This is the plain meaning of this section of the statute as expressed in unambiguous language. The General Assembly have seen fit to enact that any one who may be injured by any "intoxicated person," either in his person or property, or means of support, may have a cause of action against the parties who may have caused the intoxication of the person who commits the injury, and we have no rightful authority by judicial construction to deprive such party of the right secured, which to him in many instances may be of the utmost value. What reason is there why there should not be an action for the direct damage done by a drunken person, as well as damages that arise in consequence of such intoxication? The injury to the "person" is most likely to be the direct act of the "intoxicated person," and the injury to the "means of support" would

generally arise in "consequence of the intoxication" incapacitating the party for attending to business, or causing him to waste his estate.

The averments in the first count of the declaration make a case clearly within the meaning of the first clause of this section of the statute, and it was error in the court to sustain a demurrer to it. It appears plaintiff was a passenger on a freight train, and was in charge of stock he was shipping to market. He had no cause of quarrel with Koffman, the drunken man, who came aboard the train, insane with intoxication. In his ravings he was constantly flourishing a pistol, loaded, as the sequel showed, with powder and leaden ball, which he in some way discharged, inflicting a severe wound on plaintiff. That is the exact case the statute has provided against by giving the party injured a right of action for the damages sustained. Accordingly, whoever caused the intoxication of the party who inflicted the injury, under this statute, is responsible to plaintiff for the damages sustained by the direct act of the "intoxicated person." On the question of the guilt or innocence of defendants we express no opinion. That is a question of fact to be submitted at the trial.

The court before whom this cause was tried on the circuit seems to have been of opinion there could be no recovery except for injuries that resulted to plaintiff in "consequence of the intoxication" of the person who inflicted the injury, and required the instruction to conform to that theory of the case. As we have seen, that is a mistaken view of the law ; on another trial the court will require the instructions to conform to the law as expressed in this opinion.

There is one instruction, however, upon which we may remark specially. It is the ninth of the series given for defendants, and asserts that although defendants may have sold intoxicating liquors to Koffman, who committed the injury, still, if there was sufficient time between the drinking and the shooting for him to have recovered from the intoxi-

cating effects of such drinking, then the law is for defendants. There are two reasons why this instruction should not have been given : first, there is not a particle of evidence in the record on which to base it ; and, second, we are not aware that either the court or jury can know, as a matter of law, how long it takes a person to recover from the " intoxicating effects " of spirituous liquors. The only question proper to be submitted is, whether the drunken man had in fact recovered from the effects of drunkenness, and that is a fact to be proven as any other in the case.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*