MARY PICKARD

v.

SILNUS P. TEATRO ET AL.

*Intoxicating Liquors—Action under Dram Shop Act for Injury to Means of Support—Remoteness of Damages—Pleading—Declaration—Demurrer.*

A declaration alleging in substance that defendants caused the intoxication of a person who, by reason thereof, assaulted and killed plaintiff's husband, thereby injuring her in her means of support, states a good cause of action.

[Opinion filed February 4, 1890.]

IN ERROR to the Circuit Court of Wabash County; the Hon. WILLIAM C. JONES, Judge, presiding.

This is a demurrer to a declaration under the 9th section of the Dram Shop Act, to recover damages for injury to means of support of the wife caused by the death of the husband.

Defendants in error were persons engaged in the sale of intoxicating liquor and persons who were the owners of the premises where the intoxicating liquors were sold, which premises were knowingly rented for that purpose. The declaration charges that the defendants in error engaged in the sale of intoxicating liquors in their respective dram shops, sold and gave intoxicating liquor to Moses Ward and Jacob Ward, and thereby caused their intoxication; that Moses Ward so being intoxicated and in consequence thereof was guilty of drunken and disorderly conduct, so that it became necessary for the marshal of said city to arrest him. That said marshal did arrest Moses Ward and summoned Jonathan Pickard to assist him; that while said marshal and Jonathan Pickard had Moses Ward in their custody, Jacob Ward so being intoxicated and in consequence thereof, made an assault upon Pickard with a knife and inflicted upon him a mortal wound of which he immediately died, by reason of which the

plaintiff was injured in her means of support, she being the wife of Jonathan Pickard.

The second count alleges that certain defendants in error were keepers of dram shops, selling intoxicating liquors therein, and certain other defendants in error were the owners of the buildings where such dram shops were kept and knowingly rented them for that purpose. That the defendants in error, the keepers of dram shops, sold and gave intoxicating liquor to Jacob Ward and thereby, in part, caused his intoxication, and in consequence of such intoxication he made an assault upon, with a knife, and killed Jonathan Pickard, the husband of plaintiff in error, by means of which the plaintiff was deprived of her means of support and compelled to support herself and child and to pay out $100 in and about the burial of her husband.

To this declaration a general demurrer was interposed and sustained by the Circuit Court, on the theory that the damages sued for were too remote and for that reason the defendants were not liable. A judgment was rendered for the defendants and against the plaintiff for costs.

The plaintiff brings the cause to this court by writ of error and assigns as error the sustaining the demurrer.

Mr. J. R. WILLIAMS, for plaintiff in error.

Messrs. BELL & GREEN and S. Z. LANDES, for defendants in error.

PHILLIPS, J. This declaration substantially states that defendants caused the intoxication of Jacob Ward by selling or giving him intoxicating liquor and by reason of such intoxication so caused, and in consequence thereof, Jacob Ward assaulted Jonathan Pickard, the husband of the plaintiff, and caused his death, by means of which the plaintiff was injured in her means of support. This case is clearly within the rule laid down in King v. Haley et al., 86 Ill. 106, and the declaration stated a cause of action.

The court erred in sustaining the demurrer; the judgment is reversed and the cause remanded.

*Reversed and remanded.*