### John P. Keller and Bernard Sigg v. Lucy J. Lincoln.

1. DRAM SHOP ACT—*Liability Under, Joint and Several.*—When damages for injuries caused by the sale of intoxicating liquors are sought to be recovered under the dram shop act, all those who have furnished liquors which contributed to create or to strengthen, or to keep up the habit of drunkenness, are liable both severally and jointly.

**Action**, under the dram shop act. Appeal from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

BEACH & HODNETT, attorneys for appellants.

S. L. WALLACE and E. C. Moos, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment entered against appellants, jointly, in an action brought by the appellee under the dram shop act to recover damages for injuries to her property and means of support occasioned by the intoxication of her husband, caused in whole or in part by intoxicating liquors sold or given him by appellants.

Appellants each kept a saloon, but were not partners, nor otherwise jointly interested in business. It was abundantly proven each of them sold liquor to the husband of the appellee many times in 1891, 1892, 1893 and 1894, and that he was an habitual drunkard during those years.

It is urged a joint judgment was wholly unwarranted—that only separate sales were proven—and that it did not appear any instance of intoxication of appellee's husband resulted from the combined intoxicating influence of liquors sold or given him by the appellants. But it was proven appellee's husband became and was an habitual drunkard, and that liquors furnished to him by the appellants, though at different times and different places, contributed to produce

and continue this state of habitual intoxication, and that appellee was injured thereby.

When the damages sought to be recovered are for injuries occasioned by a single temporary fit of intoxication, to warrant a joint judgment, it is necessary it should appear, liquors sold at separate times contributed to produce the particular intoxication.

The statute, however, in express terms includes injuries resulting in consequence of habitual intoxication. When damages for such injuries are sought to be recovered, all those who have furnished liquors which contributed to create or to strengthen, or keep up the habit of drunkenness, are liable both severally and jointly. Consult King v. Haley, 86 Ill. 106.

It is perhaps true that testimony was admitted which related to injuries to appellee's means of support, which was barred by the statute of limitations.

The instructions given in behalf of the appellee were so framed as to restrict the action of the jury to injuries within the statutory period, and the testimony as to injuries within that period was quite sufficient to warrant the verdict and judgment.

We think the verdict and judgment right upon the merits, and that the record is free from error, reversible in character. The judgment is affirmed.