Fred Munz et al. v. The People, etc., for use, etc.

$\frac{90}{100}$ $\frac{647}{484}$

1. DRAM-SHOP ACT—*Responsibility for Injuries Inflicted by Intoxi-
cated Persons.*—Under the dram-shop act (R. S., Chap. 43), whoever
causes the intoxication of a person who, while so intoxicated, inflicts an
injury upon a party causing his death, is responsible in damages to all

persons injured in property or means of support in consequence of such intoxication.

Debt. on a dram-shop keeper's bond. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

R. J. McELVAIN and J. H. MARTIN, attorneys for appellants.

W. W. BARR, F. M. YOUNGBLOOD and W. P. LIGHTFOOT, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on a dram-shop keeper's bond, in the Circuit Court of Jackson County, by appellee against appellants, to recover for injury to the means of support of beneficiary appellee, resulting from the death of her husband. Trial was by jury. Verdict and judgment in favor of appellee for $1,000.

Appellant Fred Munz was a licensed dram-shop keeper in the city of Grand Tower, Illinois, had entered into bond as required by law, and his co-appellants were his bondsmen. The testimony tends to prove that the night of February 10, 1899, J. B. Callis, the husband of America Callis, and one James Goodbread and others, were congregated at appellant's saloon. Goodbread had been drinking that evening before he came into appellant's saloon. While there, appellant's bartender sold or gave him a number of drinks of liquor; by midnight, when the killing occurred, he was much intoxicated. It does not appear that Callis had drunk any liquor in that saloon that evening or night. The fullest account given of the occurrence was that of the witness Henry Rhodes, who testified that he was at the saloon all evening from right after supper; that he saw Callis and Goodbread, Mr. Bowers, Mr. Getz and others there; that both appellant Munz and Solz, his bartender, were there, and that Goodbread, Munz and Solz were all drunk.

This witness was asked, " Were you there when the difficulty came up?" A. " Yes, sir." Q. " Tell the jury what you saw." A. " Mr. Munz made an effort to wake them up; Mr. Goodbread and Bowers were sitting by a table both asleep, and Mr. Getz and the balance of us scattered around; he said he wanted to close up, so he waked Goodbread and Bowers. As well as I remember they walked out, and Goodbread, I guess, came back in; anyway there was some grumbling and growling going on, and I believe Mr. Callis spoke; I don't remember whether Mr. Callis spoke first or Goodbread first; anyway I heard Goodbread say, ' What have you got to do with this row? what do you want to get in this row for?' so he advanced to the center, and Callis came from the back of the room, and there, right in the center, they had a clash. Munz and Mr. Getz were right close to them. Mr. Munz knocked Goodbread down with a glass and Callis had his neck cut." It appears from further statement of this witness and others, that Goodbread was mad and swearing around with his knife out and made a start at Munz, Getz and Callis. Munz knocked him down with a glass; Getz got out of the way; Callis picked up a chair, and "as he picked it up tried to ward off Goodbread," but Goodbread " made a swipe" with the knife, cutting Callis in the neck, inflicting a mortal wound, of which Callis died.

The declaration charges in substance, that Munz sold and gave intoxicating liquors to Goodbread and Callis on the 10th of February, 1899, causing them both to become intoxicated; that they got into an altercation, and that Goodbread, by reason of such intoxication, stabbed and killed Callis, concluding with proper allegations as to injury in means of support of beneficiary appellee. To this declaration appellant pleaded many pleas, among them their third, which sets up as a defense that beneficiary appellee had, prior to the time of the killing of her husband, requested and encouraged the saloonkeepers to sell him liquor, and their fourth that appellant Munz did not, by sale or giving to Callis intoxicating liquors, proximately cause his death.

The trial court sustained a demurrer to these two pleas. This is assigned as error.

The declaration, fairly interpreted, does not count on the intoxication of Callis as material to appellee's right of recovery, but upon the consequences resulting from the intoxicated condition of Goodbread. King v. Haley, 86 Ill. 106, is in all material respects analogous to this case. In that case the declaration charges that Haley sold intoxicating liquors to one Koffman, who became intoxicated thereby, and in consequence of such intoxication shot and wounded King. So is Pickard v. Teatro, 34 Ill. App. 398. A declaration alleging in substance that defendants caused the intoxication of a person who, by reason thereof, killed plaintiff's husband, thereby injuring her in her means of support, states a good cause of action. The pleas to which the trial court sustained demurrers, of which complaint is made, are not printed in the abstract, as they should be if appellants desire us to review the action of the trial court concerning them, but it is apparent from what the abstract discloses as to them, that they raise wholly immaterial issues, and the court properly sustained demurrers to them.

Appellants asked and the court gave as No. 1 of the series of instructions asked and given on their behalf, the following:

"Before the plaintiff can recover in this case, it must appear from a preponderance of the evidence:

1st. That the defendant Munz sold or gave to the person alleged to have killed said Callis, intoxicating liquor.

2d. That said alleged selling or giving intoxicating liquor, in whole or in part caused the intoxication of the person killing Callis.

3d. That by reason of such intoxication of said party stabbing Callis, his, Callis', death was caused.

If plaintiff fails in either of these propositions your verdict should be for the defendant.

If you shall believe from the evidence that at the time of the killing of said Callis he was abusing or making an assault upon one Goodbread, and by reason only thereof said Goodbread stabbed and killed said Callis, then the plaintiff can not recover and your verdict should be for the defendants." *Given.*

This instruction correctly interprets the declaration and correctly analyzes the case.

It is urged by counsel for appellant that the court erred in giving the first, third, fourth and ninth instructions on behalf of appellee. The objection urged against the first is, that it incorrectly defines intoxication; as to the third and fourth that they are susceptible of being understood so as to warrant a recovery if the jury should find that Goodbread was only in part intoxicated; and one of the objections urged against the ninth is, that it assumes that Goodbread was intoxicated. It is not necessary to discuss these objections to these instructions, because, under the state of facts disclosed by this record, whether the instructions are correct or not in these respects is wholly immaterial. It is never error to assume the existence of a fact clearly established by evidence and wholly uncontradicted, and no error is prejudicial which could not mislead. Intoxication is a question of fact, and every witness on both sides, who was present, unqualifiedly states that Goodbread was intoxicated, that he was drunk, and this is not only denied, but is assumed as a fact by appellants in course of examining and cross-examining witnesses.

Lastly, appellants' counsel argue that the sale of liquor to Goodbread on the occasion complained of was not the proximate cause of the death of Callis, and in this connection they contend that the ninth instruction is erroneous, because it ignores the questions of contributory negligence and intervention of independent cause. This instruction does not purport to state the whole law of the case, nor of any branch of the case, and it does not authorize the jury to find for either party, in any event. What appellants contend for as contributory negligence and intervention of independent cause, were submitted by appellants in their third and fourth instructions, each complete in itself, and each authorizing the jury in certain event to find for appellants. These instructions are as follows:

"If said Callis came to his death by reason of his own intoxication, or by reason of any cause other than that alleged in plaintiff's declaration, the plaintiff can not re-

cover and your verdict should be for the defendants."
*Given.*

" If you find from the evidence in this case that J. B.
Callis was in the act of striking and attacking James Good-
bread with a chair at the time he was cut, and that Good-
bread acted in self-defense in cutting Callis and not in
consequence of his drunkenness, then your verdict should
be for the defendants."    *Given.*

What is proximate cause is usually a question of fact, and
to the extent that it is involved in this case, is a question of
fact here, and was so treated in the trial court at the in-
stance of appellants, who asked and obtained as to that
issue two instructions, as follows.:

" If you find from the evidence that Callis was killed by
Goodbread  *  *  *  in the saloon of Munz, and that said
killing was not the direct or proximate result of the selling
or giving away of intoxicating liquors to said Goodbread
*  *  *  then you should find for the defendants."    *Given.*

" Plaintiff is required to prove by the weight of the evi-
dence that the death of Callis was the direct or proximate
result of defendant selling or giving away intoxicating
liquor to Goodbread,  *  *  *  and if they have failed to
prove this fact by such evidence, then your verdict should
be for defendant."    *Given.*

The Statute, Sec. 9, Chap. 43, provides:

" Every  *  *  *  wife  *  *  *  who shall be injured
in person or property or means of support, by an intoxi-
cated person, or in consequence of the intoxication  *  *  *
of any person, shall have a right of action  *  *  *  against
any person or persons who shall, by selling or giving intox-
icating liquors, have caused the intoxication, in whole or in
part, of such person or persons."

In King v. Hawley, above cited, it is said:

" Whoever caused the intoxication of the party who in-
flicted the injury, under this statute, is responsible to the
plaintiff for the damages sustained by direct act of the
intoxicated person."

In Roth v. Eppy, 80 Ill. 283, it is held that the statute
gives the right of action to any one who shall be injured
in person or property or means of support, in consequence
of the intoxication of any person, and the party causing

St. Louis, P. & N. Ry. Co. v. Rawley.

such intoxication, in whole or in part, can not escape liability because he may not reasonably have foreseen the consequences. And in Kennedy v. Whittaker, 81 Ill. App. 605, it is said :

" If, therefore, defendants sold him liquors which made him drunk, the statute makes them liable, no matter whether the jury would consider that a proximate or a remote cause."

It is apparent that the trial court did not err to the prejudice of appellants on the question of proximate cause. We are of opinion the case made by appellees, as disclosed by this record, is entirely within both the letter and purpose of the statute, and not finding any error of sufficient importance to warrant a reversal, we conclude that the judgment of the Circuit Court should be affirmed. The judgment of the Circuit Court is affirmed.