## William H. Kennedy, Clarence R. Hart and William Gorman v. Sarah Whittaker.

1. DAMAGES—*When $1,000 Not Excessive.*—A widow, sixty-three years old, was driving in her top-buggy, along a public highway, when a man, very much intoxicated, drove up behind her with a span of horses and wagon, his horses on the run. His horses turned out of their own accord, but not sufficiently to avoid plaintiff's buggy, which they struck and overturned, inflicting upon her serious injuries and damaging the buggy. She received a compound fracture of the lower part of the left arm, which had to be set and the arm put into splints. Her left wrist was dislocated. She was treated for three months for these injuries by a surgeon, at a cost of $35. She suffered great pain, and still suffers pain in her wrist. Her hip and knee were injured, so she could not lie upon that side for three or four months. The top was broken off her buggy, the box split, and the spokes broken out of three of the wheels. The proof tended to show that it was depreciated in value $50. In an action under the dram-shop act, against the saloon-keepers who sold the man liquor, she recovered a verdict for $1,000. *Held,* not excessive.

2. INSTRUCTIONS — *Under the Dram-Shop Act — Immediate and Approximate Causes of Intoxication.*—An instruction that, to entitle plaintiff to recover, not only must it appear that the defendants sold the intoxicating liquor which contributed to the intoxication, but also that said intoxication was the immediate or proximate cause or occasion of the injury, without defining what is meant by remote and proximate cause, is calculated to mislead the jury, and properly refused.

3. SAME—*Liability under the Dram-Shop Act.*—An instruction advising the jury that if they believe any one of the defendants did not furnish liquor which caused the intoxication, they should find all the defendants not guilty, does not state the law correctly.

4. RECORDS—*Affidavits to be Made a Part of, by Bill of Exceptions.*—The fact that the clerk copies affidavits used on a motion for a new trial into the record prepared by him, does not make them a part of the record. Affidavits can only become a part of the record of a common law action by being embodied in a bill of exceptions signed and sealed by the judge.

Action under the Dram-Shop Act.—Trial in the Circuit Court of Ogle County; the Hon. JAMES S. BAUME, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

FRANCIS BACON and W. J. EMERSON, attorneys for appellants.

J. C. SEYSTER, attorney for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Sarah Whittaker, a widow sixty-three years old, was driving in a top-buggy owned by her along a public highway from the village of Byron to her home on November 19, 1897, when Nelson Miller, very much intoxicated, drove up behind her with a span of horses and a wagon, with his horses running. His horses turned out of their own accord, but not sufficiently to avoid plaintiff's buggy, and they struck and overturned it, inflicting upon plaintiff serious injuries and damaging the buggy. The defendants are three saloon-keepers. Mrs. Whittaker sued them to recover damages for the injuries she sustained, charging that they had caused the intoxication of Miller at that time, and that it was by reason of Miller's intoxication that the injuries were inflicted upon her. Defendants pleaded not guilty. Upon a jury trial plaintiff recovered a verdict and judgment for $1,000. Defendants prosecute this appeal therefrom.

Mrs. Whittaker received a compound fracture of the lower part of the left arm, which had to be set and the arm put in splints. Her left wrist was dislocated. There was a rupture of certain ligaments thereabouts. She was treated for three months for these injuries by a surgeon, at a cost of $35. Her arm, hand and wrist are not as good as before. The proof is that such a fracture never heals. She suffered great pain from these injuries, and still suffers pain in her wrist. She can not shut her left hand. There is a deformity with lack of use of the arm. She had a clock upon her lap when overthrown, and thinks she struck her hip upon it. Her hip and knee were injured, and she could not lie upon that side for three or four months. The top was broken off her buggy; the buggy box was split and spokes were broken out of three of the wheels. The proof tended to show that the buggy was depreciated in value $50. We can not say the verdict was excessive.

There was evidence which if believed was sufficient to

show that Miller drank whisky that day at the saloon of each defendant and kept on going from one drinking place to another and taking liquor at each till he was thoroughly intoxicated; that in that condition he started for home, and in that condition overtook and drove into plaintiff. There was an effort to show that his drinking at Kennedy's was at the commencement of his spree; that he drank at one or more other saloons besides those of the defendants, and that after he became intoxicated some of the defendants refused him further drinks. There was other proof that he was in Kennedy's twice, once at the commencement of his spree and another time later, and that he took two or three drinks of whisky each time that he was in Kennedy's. We can not say the jury erred in the conclusion reached, and it was undoubtedly Miller's intoxication which caused him to drive into and injure plaintiff.

The witness Call, who was with Miller in several saloons that day, having stated he and Miller, after drinking at Kennedy's, were in Brayton's lunch room nearly an hour, was asked on cross-examination: "That was time enough for this whisky you got at Kennedy's to all work off ?" The court sustained an objection to this question. This was rather an assertion than a question. Moreover, the witness had not qualified as an expert, competent to express an opinion. The material question would have been whether the effects upon Miller of the whisky he had previously taken at Kennedy's had worked off. This was to be proven like any other fact. (King v. Haley, 86 Ill. 106.) We think the court did not err in this ruling.

The instructions given for plaintiff seem to be in harmony with the law on this subject as recognized in this State. Emory v. Addis, 71 Ill. 273; Brown v. Butler, 66 Ill. App. 86.

The court refused instruction " A " offered by defendants. It told the jury that to entitle plaintiff to recover not only must it appear that defendants sold intoxicating liquor to Miller which contributed to his intoxication, but also that said intoxication was the immediate or proximate cause of

the injury, and not merely the remote cause or occasion of the injury. We think this was calculated to mislead the jury. What was meant by remote and proximate cause was not defined. There was no dispute in the evidence but that Miller was drunk, and because he was drunk drove into and injured plaintiff. If, therefore, defendants sold him liquors which made him drunk, the statute made them liable no matter whether the jury would consider that a proximate or remote cause. (Roth v. Eppy, 80 Ill. 283.) Refused instruction " B " told the jury if the plaintiff had failed to establish by a preponderance of the evidence every material allegation of her declaration it should find defendants not guilty. This was not strictly correct. A special attempt had been made to exonerate defendant Kennedy. The plaintiff might have failed in proving the material allegation that Kennedy contributed to the intoxication of Miller, and yet be entitled to a verdict against the other defendants. Defendants' instruction No. 1, given, covered the law upon this subject. Refused instruction " C " advised the jury that if they believed any one of the defendants did not furnish liquor to Miller which caused his intoxication they should find all the defendants not guilty. This is not the law. Refused instruction " D " was to the effect that if Miller had entirely recovered from the effects of the intoxicating liquors sold him by defendants, and the intoxication which caused the injury was not caused by the liquors sold him by defendants, but by liquors obtained from some other person, then they should find defendants not guilty. We doubt if the evidence justified such an instruction as to any defendant. Certainly, it did not as to any defendant but Kennedy. As the instruction applied to all defendants, it was not proper. It is also covered by instructions given for defendants, especially No. 4. Plaintiff's instructions were all limited to injury caused by intoxication produced by the defendants. We think no error was committed in refusing the instruction.

It is assigned for error that the court denied a motion by defendants for a continuance. The motion and affidavit in

support thereof, the denial of the motion and an exception thereto, are none of them embodied in the bill of exceptions. On the motion for a new trial certain affidavits of newly-discovered evidence seem to have been filed. They are not embodied in the bill of exceptions. The clerk has copied these affidavits into the record prepared by him, but this does not make them a part of the record. Affidavits can only become a part of the record of a common law action by being embodied in a bill of exceptions signed and sealed by the judge. C., B. & Q. R. R. Co. v. Bowman, 122 Ill. 595; Anderson Transfer Co. v. Fuller, 174 Ill. 221.

The judgment is affirmed.