### Azariah England v. Mary E. Cox et al.

1. Punitive Damages—*Intentional Violation of Law Equivalent to Willfulness.*—Where a saloon-keeper sells intoxicating liquor to a person known to him to be an habitual drunkard, or known to be already intoxicated, it is presumed that he intended to violate the law and the selling is willful.

2. Damages—*When $5,000 is Not Excessive.*—Where the deceased, aside from occasional sprees of intoxication, was an ordinarily prosperous and industrious farmer, and provided his family with all the necessaries and many of the luxuries of life in the means of support supplied by

him, and was about thirty-five years old, earning from $1,000 to $1,500 per year, almost entirely devoted to the support of plaintiffs, $5,000 is not excessive, considering the prospects of life at such an age.

3.  SALOON-KEEPER—*Remedy by Any One Who May be Injured by Any Intoxicated Person.*—The statutes give a distinct remedy against the seller to any one who may be injured by any intoxicated person, either in his person or property or means of support.

**Action in Case,** under section 9 of the dram-shop act. Appeal from the Circuit Court of Mason County; the Hon. THOMAS N. MEEHAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed June 12, 1900.

I. R. BROWN, H. W. MASTERS and S. A. MURDOCK, attorneys for appellant.

A. T. DEPUE and BEACH & HODNETT, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by appellees, wife and children, against appellant, under the provisions of the dram-shop statute, for injury to their means of support caused, as alleged, by the intoxication of Albert Bowman, who, while intoxicated, by liquors sold to him by appellant, and in consequence of such intoxication, killed the husband and father. A trial by jury resulted in verdict and judgment against appellant for $5,000, to reverse which he prosecutes this appeal, assigning various errors, including the verdict as against the evidence, the court gave improper instructions to the jury, and refused to give instructions as asked by appellant, and improperly modified others.

The evidence in some respects, and upon material points, is conflicting. The credibility of some of the important witnesses on both sides, upon these conflicting points, was made a material and contested issue before the jury. In such aspect of the case it was the peculiar province of the jury to determine the weight and credit to be given the various witnesses who testified before them, and where no prejudicial error has intervened in the admission or rejec-

England v. Cox.

tion of evidence, or in the instructions of the court, and the evidence of the party to whom the verdict was given would alone support it, this court, as a general rule, will not disturb the verdict, on the ground it is not supported by the evidence, but accept the same as decisive of the issues tried. We have examined the record, both in respect to the ruling of the court upon the admission and rejection of the evidence and the instructions to the jury, and find no prejudicial errors in that regard. The rulings of the court upon the evidence, we think, was fair and liberal to appellant. The instructions, as a whole, were as complete and accurate an exposition of the law as the rights of appellant could justly demand, and there was no error in the modification or refusal of instructions. It is especially complained that the instructions upon the point of exemplary damages was inaccurate and misleading. We do not concur in this view. The instruction so criticised, and the modification of another containing the same point, are in effect that if appellant knew that Bowman was intoxicated, or of his habitual intoxication, and wantonly and willfully sold intoxicating liquor to him, and that the intoxication consequent upon such sale resulted in the death of Oscar Cox, and if plaintiffs were thereby damaged in their means of support, the jury might give exemplary damages. We are unable to discover wherein such instruction was not faultless. There was evidence tending to show that Bowman was already intoxicated when the jug of whisky was obtained by him, and also that he was in the habit of getting intoxicated, and that appellant knew, or by the exercise of ordinary observation should have known both facts. If the jury believed the evidence proved these facts, it would then follow that appellant had violated the statute, committed a criminal offense, and if he knew, as the instruction implied, that Bowman was already intoxicated, or was in the habit of getting intoxicated, it would then follow that he intended to violate the statute prohibiting the sale of intoxicating liquors to such a person, and it would be an anomaly to say that an intentional commission of a criminal offense would not be willful and wanton.

Hence we are of the opinion in such instruction there was no error. Moreover, without reference to the element of exemplary damages, we think the amount of damages awarded by the jury may, by the evidence in the record, be sustained upon the basis of actual damages. Aside from occasional sprees of intoxication, Cox was an ordinarily prosperous and industrious farmer, and provided his family with all the necessaries and many of the luxuries of life in the means of support supplied by him. The undisputed evidence is that he earned from $1,000 to $1,500 per year, almost entirely devoted to the support of appellees. He was about thirty-five years of age, and from these facts, considering the prospects of life at such an age, it is easily discovered that his death was a greater pecuniary loss to appellees than the amount of the verdict that was returned.

The evidence in the case tends to prove, and the jury were warranted in that belief, that on the day Bowman killed Cox the former drank whisky five or six times in the saloon of appellant, after which he departed with a half gallon jug of the same liquor purchased of appellant. He left the city of Havana, crossed the bridge over the river and went to the field where he met Cox, and it is reasonable to infer that he drank more or less from the jug before meeting Cox. After meeting Cox it is in evidence that they both drank from the jug. It is not unreasonable to infer that Bowman by this time was in a degraded state of intoxication, and the evidence tended to prove that he was lying upon a wagon in a stupor resulting from the excesses in which he had indulged. Cox endeavored to and did arouse him, whereupon Bowman procured a piece of board with which he slew Cox. There is conflict of evidence at this point as to whether Cox assaulted Bowman with a knife, and provoked the injury that resulted in his death, and there is evidence strongly tending to prove that there was an open grudge between the two men, but we think the jury were fully warranted by the evidence in the conclusion that the assault by Bowman upon Cox was wholly due to his intoxication, and that the deceased did nothing at this time of an intentional nature to provoke a quarrel.

It is contended by counsel for appellant that the injury to the deceased, and the damage to appellees, is remote from the act charged against appellant, and is not the natural and probable consequence of such act, nor such as could have been foreseen in the light of attending circumstances. We are unable to perceive any force in this position. The jury were justified in the inference that it was in consequence of the intoxication of Bowman, he for the time being having been bereft of his senses, that he assaulted and killed Cox, and the sale of the liquor was the direct cause of the intoxication—in other words, the proximate cause of the injury to appellees, and such as might be reasonably expected to follow the wrong charge. Furthermore, the statute gives a distinct remedy against the seller to any one who may be injured by any intoxicated person, either in his person or property or means of support (King v. Haley, 86 Ill. 108), and in this view of the subject the question of proximate cause does not arise, unless the homicide was the effect of a quarrel, which as we have already seen, the jury had ground to discard.

Finding no reversible error in the record and proceedings of the Circuit Court its judgment will be affirmed.