## Lula Jack, Defendant in Error, v. Prosperity Globe, Plaintiff in Error.

DRAM-SHOP ACT—*what not essential to recover for loss of support*. In order to recover under the Dram-shop Act for loss of support, the intoxication need not be shown to be the immediate, direct or proximate cause; it is sufficient if it be the cause, and it is "*no matter whether the jury would consider it a proximate or a remote cause.*"

Action in case. Error to the Circuit Court of Williamson county; the Hon. W. W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

DENISON & SPILLER, for plaintiff in error; HARTWELL & WHITE and W. H. WARDER, of counsel.

W. P. LIGHTFOOT and PILLOW, SMITH and STONE, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Williamson county, by defendant in error against plaintiff in error, to recover for injury to the means of support of defendant in error, under section 9 of the Dram-Shop Act. Trial by jury. Verdict and judgment in favor of defendant in error for $1,000.

The substance of the declaration upon which the case was tried, as set out in their statement of the case by counsel for plaintiff in error, is as follows: "Charges in substance that plaintiff in error on, to wit, October 31, A. D. 1906, in Williamson county, Illinois, was engaged in the occupation of a dram-shop keeper, and on said date and prior thereto sold and gave intoxicating liquors to one John Jack, who was the father of the defendant in error; that said intoxicating liquors were drunk by the said John Jack and that by reason of such selling and giving of intoxicating liquors to the said John Jack by the plaintiff

in error the said Jack became intoxicated and that by reason of his intoxication he procured a certain drug known as carbolic acid and in consequence of his intoxication as aforesaid swallowed said carbolic acid, thereby causing his death; that by reason of the death of her said father the defendant in error was injured in her means of support, to her damage of $3,000." To this declaration plaintiff in error pleaded not guilty, and issue was joined thereon.

Counsel say: "Before defendant in error is entitled to recover in this case she must establish, by the greater weight of the evidence, *four propositions*. 1. That the plaintiff in error sold or gave to the defendant in error's father, John Jack, intoxicating liquor. 2. That the giving or selling of such liquor, if any, caused in the whole or in part, his intoxication. 3. That such intoxication was the proximate cause of his death. 4. That by reason of his death she has been injured in her means of support."

With respect to propositions 1, 2, and 4, above noted, the evidence so overwhelmingly proves each and all of them, that it would be waste of time and space to detail it, and discuss it here; as to them the proof is conclusive.

With respect to proposition 3, we do not understand the law, in this state, to be as stated in that proposition. The question of "proximate cause," in a technical sense, in the sense in which counsel argue it, is not involved in this case. A correct statement of that proposition would be: "That such intoxication caused his death." The statute provides that one who shall be injured in means of support, in consequence of the intoxication of any person, shall have the right of action provided therein. It is not necessary to a right of recovery in this class of cases, under the statute, that the intoxication should be the immediate, direct or proximate cause; it is sufficient if it be the cause, and it is "no matter whether the jury would consider it a prox-

imate or a remote cause." Kennedy v. Whittaker, 81
Ill. App. 605 (608); Munz v. The People, 90 Ill. App.
647 (653). "The statute gives a right of action to any
one who shall be injured in person, or property, or
means of support, in consequence of the intoxication,
habitual or otherwise, of any person, and the party
causing such intoxication, in whole or in part, cannot
escape liability because he may not reasonably have
foreseen the consequences." Roth v. Eppy, 80 Ill. 283.

Under the state of evidence shown by the record in
this case, whether the intoxication of defendant in
error's father was the cause of his death was a question
of fact for the jury and not a question of law for the
court. That question can only be a question of law for
the court where it is apparent to the court that all dis-
interested reasonable minds must agree that such in-
toxication was not the cause of his death. We think
no court would be warranted in holding that all disin-
terested reasonable minds must agree that the intoxi-
cation of defendant in error's father did not cause his
death.

The evidence in this case tends to prove that the
plaintiff, Lula Jack, was the minor daughter of the
deceased, John Jack, and was dependent upon him for
support; that on Monday evening John Jack came
home drunk, and had a pint bottle of whiskey in his
pocket and remained at home until the next morning,
and on that morning went directly from his home to
the defendant's saloon and came back in about half an
hour with another pint of whiskey in his pocket; that
he procured at the defendant's saloon at least two
pints of whiskey each day and drank the same until he
died eight days later; that he was continuously drunk
for one week and one day, during which time he made
regular trips twice a day to the Prosperity Globe Sa-
loon; that when he would leave home for the saloon he
would have no whiskey, or his bottle would be empty,
and when he returned he would have a full pint bot-
tle of whiskey in his pocket; that on the Sunday

before he died he drank two pint bottles of whiskey, and continued to drink up unto the day of his death; that from the time he commenced drinking up to the time he killed himself, he stayed drunk all the time; that for two or three days before he died he looked crazy and wild out of his eyes and talked in a crazy manner, and continued in that condition up until the time he took the carbolic acid, which resulted in his death; that the deceased had long been addicted to the use of intoxicating liquors, and that when under the influence of intoxicating liquor he would be morose and threaten to commit suicide; that he was always either under the influence of intoxicating liquor, or recovering from a protracted debauch, when these threats were made; and that the deceased was a cheerful, industrious, hard working man when he was not under the influence of intoxicating liquor, or recovering from a protracted spree.

We do not find in the record any error warranting this court in reversing the judgment of the trial court.

The judgment of the Circuit Court is affirmed.

*Affirmed.*