## Elizabeth Whiteside, Plaintiff in Error, v. T. J. O'Connors et al., Defendants in Error.

1. Instructions—*estoppel to complain.* A party cannot complain of instructions because of a vice common to instructions given at his own instance.

2. Instructions—*must not single out particular witness.* An instruction is erroneous which calls particular attention to the relationship of any witness in the cause to the plaintiff in the action.

3. Dram-shops—*section 9 of act construed.* In an action to recover by a wife for injury to her means of support by the intoxication of her husband resulting in his death, it is not necessary in order to recover that such intoxication be shown to be "the efficient and proximate cause" of the death of such husband. It is sufficient if it be the cause. If, however, a recovery is merely sought for injury to means of support in consequence of intoxication, habitual or otherwise, whereby the husband neglected his business and became impoverished, etc, it is incumbent upon the wife in such case to show that the intoxication caused in whole or in part by the defendant, was the proximate cause of the injury complained of.

4. Dram-shops—*when instruction in action under section 9 misleading.* In an action for loss of support brought under section 9 of the Dram-shop Act an instruction given at the instance of the defend-

ant is misleading which operates to excuse a defendant from any lia-
bility unless the jury believed from the evidence that such defendant
sold intoxicating liquor to the husband of the plaintiff "in violation of
the law pertaining thereto."

5. DRAM-SHOPS—*what evidence competent in action under section 9.*
In an action under section 9 of the Dram-shop Act, it is proper to permit
witnesses to testify as to whether the husband of the plaintiff was in the
habit of becoming intoxicated.

6. DRAM-SHOPS—*what evidence incompetent in action under section 9.*
It is error to permit the defendant in an action under section 9 for loss
of support to show that the plaintiff had received certain money as life
insurance upon the death of her husband.

Error to the Circuit Court of Montgomery county; the Hon. J. C. Mc-
BRIDE, Judge, presiding. Heard in this court at the November term,
1910. Reversed and remanded. Opinion filed May 26, 1911.

F. M. GUNN, for plaintiff in error.

CARL M. REISCH, W. H. NELMS, RUFUS M. POTTS, and
ALFRED ADAMS, for defendants in error; LANE & COOPER,
M. M. CREIGHTON and S. W. KESSINGER, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This was an action instituted by plaintiff in error against
defendants in error under section 9 of the Act entitled Dram-
Shops to recover damages for injury to her means of support
by the intoxication of her husband, or in consequence of his
habitual intoxication alleged to have been caused in whole or
in part by defendants in error. A trial by jury in the circuit
court of Montgomery county resulted in a verdict finding the
defendants not guilty and judgment against plaintiff in
error in bar of her action and for costs, to reverse which
judgment this writ of error has been prosecuted.

The declaration contains two counts. The first count al-
leges in substance that on September 5, 1906, and divers other
days between that day and September 6, 1909, defendants in
error gave and sold intoxicating liquors to William A. White-
side, the husband of plaintiff in error, and then and thereby
caused him to become and be, during that time habitually in-
toxicated, and that being so habitually intoxicated, he, in con-

sequence thereof during the time last aforesaid, wasted and squandered his money and property and neglected to attend to his business, or in any manner to provide for the support of plaintiff in error; that by reason of the intoxicating liquors so sold and given by defendants in error to said William A. Whiteside he became so intoxicated and crazed in his mind that on September 6, 1909, while so crazed and intoxicated, and in consequence thereof, he committed suicide, etc. The second count further alleges that on or about March 1, 1909, by reason of the habitual intoxicated condition of her husband as aforesaid plaintiff in error was compelled to leave and abandon her home and to live separate and apart from her husband for several weeks, and that notwithstanding the knowledge by defendants in error of that fact, and of the fact that her husband was an habitual drunkard, they continued to sell and give to him intoxicating liquors whereby he remained intoxicated almost constantly and became mentally deranged and weak in mind as well as in body, and while in that condition by reason of the intoxicating liquors so sold and given to him by defendants in error, he did on September 6, 1909, destroy his life by hanging.

As the judgment must be reversed and the cause remanded for the admission of incompetent evidence and the giving of improper instructions, we do not deem it necessary to enter into an extended discussion of the evidence. It is sufficient to say that the evidence adduced on behalf of plaintiff in error tended to establish her cause of action.

In several instructions given at the instance of defendants in error the jury were informed that before plaintiff in error could recover on account of the death of her husband they must believe from a preponderance of the evidence that his intoxication was the efficient and proximate cause of his death. At the instance of plaintiff in error several instructions were given to the jury wherein the doctrine of proximate cause was recognized as being applicable to the case, one of such instructions being as follows:

"That while in order to aid the plaintiff to recover, it is necessary that she prove by a preponderance of the evidence that

intoxication caused in part by defendants was the proximate cause of his death, it is not necessary to prove that such intoxication was the sole cause of his death, and if at the conclusion of all the evidence you believe that the husband of plaintiff came to his death from causes combined with such intoxication, and but for such intoxication he would not have come to his death, then under the law you may find that the intoxication was the proximate cause of his death."

It is now insisted by plaintiff in error that the doctrine of proximate cause was not applicable to that phase of the case, and that the instructions requiring the plaintiff in error to show that the proximate cause of the injury to her means of support and of the death of her husband was his intoxication, caused in whole or in part, by the defendants in error, were prejudicially erroneous. It is well settled that a party cannot complain of error in instructions when like instructions were given at his instance; and while upon this record plaintiff in error is precluded from raising the question of the propriety of the instructions given at the request of the defendants in error, wherein they relate to the doctrine of proximate cause, in view of the fact that the case must be remanded for another trial we deem it proper to consider the question.

In support of the position that the instructions referred to were erroneous in the respect indicated counsel for plaintiff in error cite Jack v. Globe, 147 Ill. App. 176, where in discussing the third proposition insisted upon by plaintiff in error as requisite to be shown by the defendant in error, viz: "That such intoxication was the proximate cause of his death," it was said: "With respect to proposition 3, we do not understand the law, in this state, to be as stated in that proposition. The question of 'proximate cause,' in a technical sense, in the sense in which counsel argue it, is not involved in this case. A correct statement of that proposition would be 'That such intoxication caused his death.' The statute provides that one who shall be injured in means of support, in consequence of the intoxication of any person, shall have the right of action provided therein. It is not necessary to a

right of recovery in this class of cases, under the statute, that the intoxication should be the immediate, direct or proximate cause; it is sufficient if it be the cause, and it is 'no matter whether the jury would consider it a proximate or a remote cause.' Kennedy v. Whittaker, 81 Ill. App. 605 (608); Munz v. The People, 90 Ill. App. 647 (653). 'The statute gives a right of action to any one who shall be injured in person, or property, or means of support, in consequence of the intoxication, habitual or otherwise, of any person, and the party causing such intoxication, in whole or in part, cannot escape liability because he may not reasonably have foreseen the consequences.' Roth v. Eppy, 80 Ill. 283."

In Roth v. Eppy, cited in the Jack case, it was held that an instruction to the effect that defendant was not responsible for consequences which he or any reasonable or prudent man could not reasonably have foreseen as a natural consequence of selling liquors to the plaintiff's husband, was properly refused. This holding merely implies that to constitute the intoxication the proximate cause of the injury resulting from such intoxication it is not necessary that the defendant might have foreseen the precise injury which resulted therefrom, and as thus stated the rule is within the definition of proximate cause in its legal sense. In Kennedy v. Whittaker, supra, it was held that an instruction which informed the jury that to entitle plaintiff to recover, not only must it appear that defendants sold intoxicating liquor to Miller, which contributed to his intoxication, but also that such intoxication was the immediate or proximate cause of the injury and not merely the remote cause, or occasion of the injury, was properly refused as being calculated to mislead the jury because what was meant by remote and proximate cause was not defined.

In King v. Haley, 86 Ill. 106, the injury for which damages were sought to be recovered were directly inflicted by one Koffman, while intoxicated, and the court in construing the ninth section of the act entitled Dram-Shops, held that it provided for two separate and distinct causes of action—one for the direct injury inflicted by "an intoxicated person,"

and the other for such damages as might arise "in consequence" of such intoxication. It was there further held that the theory adopted by the trial court that there could be no recovery except for injuries that resulted to the plaintiff in "consequence of the intoxication" of the person who inflicted the injury was erroneous and arose out of a mistaken view of the law. In each of the Jack, Kennedy and Munz cases as in the King case, the injury for which a recovery was sought was occasioned by the direct, affirmative act of the intoxicated person. When the distinction between the two grounds of action provided for by the statute is clearly recognized much of the uncertainty arising from the apparent indiscriminate application and reference to the doctrine of proximate cause in the adjudicated cases will disappear. When the action is for an injury resulting from the direct, affirmative act of an intoxicated person the doctrine of proximate cause has no application, and a liability accrues upon proof of that fact, but where the action is for an injury resulting "in consequence of intoxication habitual or otherwise," it is incumbent upon the plaintiff to show that such intoxication was the proximate cause of the injury.

Section 9 of the act entitled Dram-Shops provides, in part, as follows: "Every husband, wife. . . . who shall be injured in person or property, or means of support by an intoxicated person, or in consequence of the intoxication, habitual or otherwise of any person, shall have a right of action," etc. The word, "consequence" or the phrase "in consequence of" employed by the General Assembly to indicate the basis of a right of action must be given its ordinary and commonly accepted meaning. Webster defines the word consequence thus, "that which follows something on which it depends; that which is produced by a cause." The same word is defined in the Century Dictionary as "Connection of cause and effect; that which follows from, or grows out of any act, cause or series of actions; an event or effect produced by some preceding influence, action, act or cause."

In Orient Ins. Co. v. Adams, 123 U. S. 67, it was held, that an exception in an insurance policy that the com-

pany should be free of all claim for loss or damage occasioned by the derangement, or breaking of the engine, or machinery, or any "consequence" resulting therefrom, meant immediate or proximate and not remote consequence.

The rules for determining whether a negligent act or omission is the proximate cause of an injury are stated in Seith v. Commonwealth Elec. Co., 241 Ill. 252, as follows: "The negligent act or omission must be the cause which produces the injury, but it need not be the sole cause nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury, or if it sets in motion a chain of circumstances and operates on them in a continuous sequence, unbroken by any new or independent cause. The question is not determined by the existence or nonexistence of intervening events, but by their character and the natural connection between the original act or omission and the injurious consequences. To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have forseen might probably occur as a result of the negligence. It is not necessary that the person guilty of the negligent act or omission might have foreseen the precise form of the injury but when it occurs it must appear that it was a natural and probable consequence of his negligence. If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the two are not concurrent and the existence of the condition is not the proximate cause of the injury. Where the intervening cause is set in operation by the original negligence, such negligence is still the proximate cause, and where the circumstances are such that the injurious consequences might have been foreseen as likely to result from the first negligent act or omission, the act of the third person will not excuse the first wrongdoer." Within the rules thus stated the doctrine of proximate cause is properly applicable

in an action for "injury occasioned in consequence of" intoxication.

In Emory v. Addis, 71 Ill. 273, the evidence tended to show that the deceased was killed by a railroad train, and it was held there was sufficient evidence to warrant the jury in finding that his intoxication was the proximate cause of his death. In Shugart v. Egan, 83 Ill. 56, the deceased was assaulted and killed by a third party, and judgment for the plaintiff was reversed because it did not appear from the evidence that the intoxication of the deceased was the proximate cause of his death. In Schmidt v. Mitchell, 84 Ill. 195, plaintiff's husband while intoxicated received injuries at the hands of a third person which were alleged to have resulted in his death, and there was a like holding as in the Shugart case. In Schroeder v. Crawford, 94 Ill. 357, the plaintiff's husband while intoxicated was killed by a railroad train and it was held that the intoxication of the deceased was properly found to have been the proximate cause of his death. In Meyer v. Butterbrodt, 146 Ill. 131, the deceased was drowned while bathing, and it was held that the question of proximate cause was properly submitted to the jury. In Triggs v. McIntyre, 215 Ill. 369, it was a controverted question of fact whether the deceased while intoxicated came to his death by suffocation or strangulation, or whether he was killed by a third person, and it was held that it was for the jury to determine from all the evidence in the case whether his death was due to intoxication as the proximate cause. In Stecher v. The People, 217 Ill. 348, one Sheffe, while intoxicated, shot and killed one Morton, and it seems to have been assumed by the court that the doctrine of proximate cause was properly involved. In all of the cases above cited, save the last, the facts involved were such as to make the doctrine of proximate cause applicable because the several causes of action were for injuries alleged to have resulted in consequence of intoxication and not by the direct, affirmative act of the intoxicated person.

The precise question here involved is exhaustively considered in Bistline v. Ney, 134 Iowa, 172, and in the note

to that case as reported in 13 L.R.A.(N.S.) 1158. In that case the court construed a statute in the exact terms of the statute in force in this state, and held it was not incumbent upon a wife in an action to recover for injury to her means of support by the suicide of her husband while intoxicated, against one who caused such intoxication, to establish that the intoxication was the proximate cause of the suicide, or that it would not have been committed but for the act of the party causing such intoxication. Referring to the rule of proximate cause it was said by the court in that case: "This rule is, of course, properly applicable where the right of recovery is based upon the second clause of the civil-damage statute, which makes the liquor dealer liable for injury sustained 'in consequence' of intoxication of any person. But where recovery is sought under the first clause for injury done 'by an intoxicated person' the adjudicated cases are practically unanimous that when the plaintiff has proved the unlawful sale to a person on whom she is dependent for support, and the intoxication of such person thereby produces the injury done by him while in that condition to her means of support, she has made the case for which the statute provides; in other words, the statute indulges in the reasonable presumption that an act done to the injury of his family, by a person whose faculties are abnormally excited and confused by drink, especially where the act is of a character not ordinarily to be expected from a sane and sober person, is the result of his intoxication." See also Currier v. McKee, 99 Me. 364, and note thereto in 3 Am. & Eng. Ann. Cases, 57.

We conclude that if the husband of plaintiff in error committed suicide while in a state of intoxication and the defendants in error contributed in whole or in part to produce such intoxication the rule announced in Jack v. Globe, *supra,* is applicable, and that it was only incumbent upon plaintiff in error to show that the intoxication of her husband was the cause of his suicide, either proximate or remote. See also England v. Cox, 89 Ill. App. 551. If, however, a recovery is sought by plaintiff in error for injury to her means of support in consequence of the intoxication, habitual or otherwise,

of her husband whereby he neglected his business and became impoverished, or whereby he became deranged or despondent and committed suicide, it is incumbent upon plaintiff in error to show that the intoxication habitual or otherwise of her husband, which intoxication was caused in whole or in part by defendants in error, was the proximate cause of injury to her means of support in the manner indicated.

The first instruction given at the instance of defendants in error was misleading, in that it operated to excuse the defendant in error Charles Jensen, from any liability unless the jury believed from the evidence that he sold intoxicating liquors to the husband of plaintiff in error "in violation of the law pertaining thereto." The instruction is inapplicable to the case. If Jensen sold intoxicating liquors to plaintiff's husband, which intoxicating liquors contributed in whole or in part to his intoxication, habitual or otherwise, he, Jensen, would be liable in this action notwithstanding the fact that at the time he sold such intoxicating liquors to plaintiff's husband the latter was not habitually intoxicated. The second instruction given at the request of defendants in error is erroneous, because it calls particular attention to the relationship of any witness in the case to the plaintiff in error. The instruction should have been general in its character and not limited to the witnesses who testified on behalf of plaintiff in error. What we have heretofore said relative to the application to the case of the doctrine of proximate cause renders it unnecessary to discuss in detail the several instructions bearing upon that issue.

It is further urged on behalf of plaintiff in error that the court improperly permitted witnesses to testify as to whether the husband of plaintiff was in the habit of becoming intoxicated. Evidence of like character was held to be competent in Gallagher v. The People, 120 Ill. 179; Nicholson v. The People, 29 Ill. App. 57, and Sheppelman v. The People, 134 Ill. App. 556.

Over the objection of plaintiff in error the trial court permitted counsel for defendants in error upon cross-examination of the plaintiff in error to show that she had received

$1,000 under a policy of insurance upon the life of her husband. There was nothing in the direct examination of plaintiff in error to justify any inquiry by defendants in error relative to any life insurance, and such evidence was wholly incompetent and immaterial, and its admission was manifestly prejudicial to plaintiff in error. Deel v. Heiligenstein, 244 Ill. 239.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*