Beryl Cope and Roland F. Cope, Appellants, v. Alice Gepford, Appellee.

Gen. No. 42,613.

172

Heard in the third division of this court for the first district at the April term, 1943. Opinion filed February 14, 1945. Rehearing opinion filed May 18, 1945. Released for publication June 8, 1945.

ALFRED M. LOESER, of Chicago, for appellants.

LORD, BISSELL & KADYK, of Chicago, for appellees; BRUCE S. PARKHILL, of Chicago, of counsel.

ON REHEARING.

MR. JUSTICE LUPE delivered the opinion of the court.

Plaintiff Beryl Cope (the former wife of Arthur K. Cope, deceased), and Roland F. Cope, the son of Beryl Cope and Arthur Cope, instituted this suit against Alice Gepford, doing business as "A. C. Inn," and John Stephen Dennis, the owner of the

tavern building, to recover damages under the civil liability provisions of the Liquor Control Act (Ill. Rev. Stat. 1943, ch. 43, par. 135 [Jones Ill. Stats. Ann. 68.042]) for injury to the means of support of both plaintiffs because of the alleged habitual intoxication of Arthur Cope in his lifetime, and by reason of the death of Arthur Cope resulting from being shot by Rose Cope, his third wife, while she was intoxicated.

The court, at the close of plaintiffs' case directed a verdict in favor of defendant on the allegations of the complaint of Beryl Cope and Roland F. Cope for damages by reason of the alleged habitual intoxication of Arthur Cope. The case, however, was submitted to the jury on the complaint of Beryl Cope against the defendant Alice Gepford on the question of damages by reason of the death of Arthur Cope. Alice Gepford was the only defendant served with process and the cause proceeded to trial against her alone. The jury returned a verdict of not guilty, plaintiffs' motions for judgment notwithstanding the verdict and for new trial were denied and overruled, and judgment was entered for defendant on the verdict, from which plaintiffs prosecute this appeal.

The complaint alleges that in the month of March 1940, and for a long time prior thereto the plaintiff Beryl Cope was the divorced wife of Arthur Cope and the plaintiff Roland F. Cope was the son of said Arthur and Beryl, and that under the decree of divorce which was entered on June 20, 1929, Arthur Cope was required to pay the sum of $15 per week to Beryl Cope for the support and maintenance of herself and their son Roland Cope, and that Beryl Cope and Roland F. Cope were persons whom the said Arthur Cope was under a legal obligation to support; that on March 4, 1940, Arthur was in arrears in the sum of $2,000; that one John Stephen Dennis, de-

fendant, who was the owner of premises at 1139 East 43rd street, Chicago, Illinois, rented said premises to defendant Alice Gepford for the purpose of selling alcoholic liquors therein, and that Alice Gepford with the knowledge and consent of John Stephen Dennis sold alcoholic liquors or caused the same to be sold or given to Arthur Cope while Arthur Cope was obligated to support the plaintiffs and that the intoxicating and alcoholic liquors caused Arthur Cope to be and become an habitual drunkard and in consequence thereof he wasted and squandered his money and became greatly impoverished, reduced, and degraded and ruined in body and mind and in his estate.

Paragraph 4 of the complaint charged that Alice Gepford sold to Arthur Cope alcoholic liquors, causing him to become an habitual drunkard and by reason thereof plaintiffs lost the support which by law they then and there were entitled to.

Paragraph 5 alleges that on the 4th day of March 1940, the defendant Alice Gepford sold or caused to be sold or gave alcoholic liquors to Arthur Cope and to Rose Cope, and that Rose Cope, in consequence thereof, became drunk and intoxicated, and, being so drunk and intoxicated, did discharge or cause to be discharged a certain firearm at the said Arthur Cope, thereby greatly wounding and injuring him and, as a result of which injuries, he died on the 20th day of March 1940.

Paragraph 6 alleged that as a direct and proximate result of the death of Arthur Cope, which was caused by reason of his intoxication and the intoxication of Rose Cope by drinking of the alcoholic liquors which had been sold or given or caused to be given by the defendant Alice Gepford to said Arthur Cope and Rose Cope at the tavern aforesaid, the plaintiffs did lose divers large sums of money which had already accrued to them by virtue of the decree of the su-

perior court of Cook county, and lost large sums of money which otherwise would have accrued to them in the future.

Paragraph 7 of the complaint charges that by force of the statute, being ch. 43, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 68.001 *et seq.*], an action had accrued to the plaintiffs against the defendant, and they prayed for judgment in the sum of $50,000.

The answer admitted that defendant Alice Gepford leased the premises from John S. Dennis, but denied each and every other allegation in the complaint with the exception of certain allegations contained in the complaint of and about which she said she had no knowledge.

The statute under which this action is brought (Ill. Rev. Stat. 1939, ch. 43, par. 135 [Jones Ill. Stats. Ann. 68.042]), provides:

"Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly against any person or persons who shall, by selling or giving alcoholic liquor have caused the intoxication, in whole or in part, of such person," etc.

It will be noted that the act affords a right of action to one injured in person or property or means of support (1) "by any intoxicated person," or (2) "in consequence of the intoxication, habitual or otherwise, of any person." In the first instance the action is for a direct injury inflicted by an "intoxicated person," and in the second instance it is for such injury as may be suffered "in consequence of intoxication" of any person.

It was said in the case of *Whiteside v. O'Connors,* 162 Ill. App. 108, in discussing the former Dramshop Act, at pp. 112 and 113:

"In *King v. Haley,* 86 Ill. 106, the injury for which damages were sought to be recovered were directly inflicted by one Koffman, while intoxicated, and the court in construing the ninth section of the act entitled Dram-Shops, held that it provided for two separate and distinct causes of action—one for the direct injury inflicted by 'an intoxicated person,' and the other for such damages as might arise 'in consequence' of such intoxication."

The evidence shows that Beryl Cope, one of the plaintiffs herein, was the divorced wife of Arthur K. Cope, and that Roland F. Cope was their son; that Roland became of age on July 13, 1939; that on June 20, 1929, a decree of divorce was entered in the superior court of Cook county on the complaint of the plaintiff herein, wherein she was awarded $15 per week for permanent alimony and support for herself and Roland, their child, in pursuance of which there was due and owing plaintiff the sum of $2,000 at the time of filing the complaint. The record further shows that Alice Gepford, one of the defendants, owned and operated a tavern located at 1139 East 43rd street, Chicago, which was known as the A. C. Inn; that she had received a license from the City of Chicago on August 16, 1939, to operate the tavern. Arthur Cope and his third wife, Rose Cope, were employed by the defendant as entertainers in the tavern. After the closing hour which occurred around 2:00 a. m. of March 4, 1940, Arthur and Rose Cope left the tavern, and he was next found in his apartment shot in the abdomen, from which injury, on March 20, 1940, he died.

Many witnesses testified as to the sobriety and insobriety of both Arthur and Rose on the night of the shooting in question. On that point there is a conflict of the evidence. There is evidence that when the police officers arrived at the apartment of the Copes they found a gun under the radiator in the hall out-

side of the apartment; they also found in the apartment a holster with Arthur Cope's name on the same and some pellets; that Rose Cope was sitting on the bed and hysterical, and that in their opinion she was intoxicated; and that Arthur Cope was lying on his back on the floor with wounds in his stomach or abdomen, and that they noticed the odor of liquor on his breath. Mrs. Emma Smith, the housekeeper of the apartment which was occupied by the Copes, testified that she had been awakened by the fumbling of Mr. Cope at the door of his apartment; that the Copes' apartment adjoined hers, a wall separating their bedroom from the Copes' bedroom; that 10 or 15 minutes after Cope entered his apartment Rose Cope came home, and that shortly thereafter she heard loud talking and argument and then heard a shot; that no one else was in the Copes' apartment nor did she hear any other voice than of Arthur or Rose. A police officer testified that upon finding the gun he discovered the odor of discharged powder on it. It was stipulated that Arthur Cope came to his death on March 20, 1940 as a result of the wounds received on March 4, 1940.

Complaint is made by plaintiff that the court erred in granting defendant's motion at the close of plaintiffs' case; in instructing the jury to find the defendant not guilty as to the claim of Roland F. Cope, and as to the claim of Beryl Cope for damages in consequence of habitual intoxication of Arthur Cope; in giving and refusing to give instructions; in its ruling on the admission of evidence; and in refusing to grant a new trial on the ground that the verdict is against the manifest weight of the evidence.

As to the first point raised by plaintiffs to the propriety of the court's action in directing a verdict for the defendant, as to the claims for damages of Roland F. Cope and Beryl Cope on the question of habitual intoxication of Arthur, we feel the court

was justified in directing the verdict for the defendant on the question of the habitual intoxication of Arthur, as the evidence, the circumstances in evidence, and all reasonable inferences that could be gathered therefrom, failed to establish that Arthur Cope was an habitual drunkard. The court committed no error in directing a verdict for defendant as to the claim for damages of Roland F. Cope, for the further reason that Roland F. Cope, plaintiff, arrived at his majority before the occurrence in question. (*Jury v. Ogden,* 56 Ill. App. 100.) In view of our holding on this point we feel the court committed no error in its refusal to instruct the jury on the question of the habitual intoxication of Arthur Cope.

■ Complaint is next made that the court erred in its refusal to admit competent evidence on behalf of plaintiff which tended to prove former intoxication of Rose Cope, and in support of plaintiffs' contention the case of *Whiteside v. O'Connors,* 162 Ill. App. 108, is cited. After a careful examination of that case, we find that the rule laid down therein has no application to the present case. The evidence of former intoxication of Rose Cope was immaterial to the issues in this case. Whether or not Rose Cope was an habitual drunkard or had been intoxicated before the date of the occurrence in question was wholly immaterial and irrelevant. The sole question as to her intoxication would be limited to March 4, 1940 or immediately before or at the time of the occurrence in question.

■ ■ It is next contended by plaintiff that the court committed error in the admission of certain pleadings in evidence. These pleadings referred to the bill for divorce and various petitions in reference to the question of alimony and noncompliance with the order of the decree in reference thereto. The court permitted certain portions of pleadings to be read to the jury on behalf of both plaintiffs and defendant.

The record shows that plaintiff presented the decree of divorce, which was properly received in evidence, and she also testified as to the amount due her under said decree which had been entered in her favor against Arthur Cope in the superior court of Cook county. She further testified as to the manner in which he made payments under said decree to her and that at the time of trial there was due approximately $2,000 as alimony for herself and support for their son Roland. She, being the divorced wife of Arthur and receiving support by reason of the decree of the superior court, had a right to maintain this suit by virtue of the provisions of the Act.

The evidence offered by the defendant tending to show that the deceased had not made any payment to plaintiff or had failed to comply with the decree or had paid an amount greater than plaintiffs testified that she had received, was properly admissible by way of impeachment of the testimony of the plaintiff as to the amount that she claimed was due and unpaid under the terms of the decree at the time of death of her divorced husband.

It is next urged that the court erred in giving certain instructions and the refusal to give other instructions offered on behalf of plaintiff. On behalf of defendant the court gave the following instructions:

"Before the plaintiff can recover from the defendant, she must prove each of the following five propositions by a preponderance of the evidence.

"1. That Arthur Cope was shot by Rose Cope on the occasion in question.

"2. That at the time Arthur Cope was shot, if you find he was so shot, Rose Cope was in fact intoxicated.

"3. That the defendant, Alice Gepford, or her agents, sold or gave intoxicating liquor to Rose Cope, which contributed to cause her intoxication, if you find she was intoxicated.

"4. That such intoxication, if any, was the proximate cause of such shooting, if any.

"5. That as a result of the shooting of Arthur Cope, if any, the plaintiff, Beryl Cope, was injured in her means of support.

"If the plaintiff has failed to prove any one or more of the foregoing elements by a preponderance of the evidence, then under the law you must find the defendant not guilty."

We are of the opinion this instruction does not correctly state the law and in giving the same the court committed error.

We have hereinbefore pointed out the two theories under which plaintiffs in dram shop cases may proceed. Defendant argues, and we agree, that plaintiffs' case was tried on the "in consequence" theory. This is borne out by the evidence and the fact that plaintiffs submitted no instructions on the "direct" theory. Their instructions were limited to the "in consequence" theory. But the instruction complained of, given by the court in defendant's behalf, injected the "direct" theory into the case, it erroneously stated the law, and, moreover, was peremptory. It required, among other conditions of plaintiffs' recovery, that they prove by a preponderance of evidence that Rose Cope shot Arthur Cope, and that the intoxication of Rose was the *proximate cause* of the injury. The first condition noted is not consistent with the theory which defendant insists was adopted exclusively by plaintiffs.

This is enough to condemn the instruction. We point out, however, that the instruction has an additional defect, for while it requires proving of the shooting as in a "direct" theory, it required proving of the cause as in an "in consequence" theory.

It is the law of this State that when the action is for an injury resulting from the direct affirmative act of an intoxicated person the doctrine of proximate

cause has no application, and, when liability accrues upon proof of that fact, but where the action is for an injury resulting "in consequence of intoxication, habitual or otherwise," it is incumbent upon the plaintiff to show that such intoxication was the proximate cause of the injury. (*Haw v. 1933 Grill, Inc.*, 297 Ill. App. 37, 43; *Whiteside v. O'Connors*, 162 Ill. App. 108; *King v. Haley*, 86 Ill. 106.)

Although there are many other points raised, we deem it unnecessary to consider them at this time, as the case must be retried for the reasons hereinabove given.

The judgment of the superior court of Cook county is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Judgment reversed and cause remanded.*

BURKE, P. J., and KILEY, J., concur.