Dorothy Bejnarowicz et al., Appellants, v. Mary Bakos, Impleaded with George Kmiotek et al., Appellees.

Gen. No. 43,744.

Opinion filed June 25, 1947. Rehearing denied September 18, 1947. Released for publication September 18, 1947.

DOOLEY & BAKER and FISHMAN & FISHMAN, all of Chicago, for appellants; JAMES A. DOOLEY, of Chicago, of counsel.

LORD, BISSELL & KADYK and JOHN F. O'TOOLE, all of Chicago, for certain appellees; LEONARD F. MARTIN and EDWARD S. CROWELL, both of Chicago, of counsel.

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for certain other appellee; SIDNEY M. GLICK, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This a dramshop action brought by the widow and two minor children of Frank Bejnarowicz, who died of injuries suffered when he drove his automobile into a street car. The owners and operators of three taverns were originally made defendants. George Kmiotek died after suit was commenced and Robert Spika was dismissed from the case. At the close of plaintiffs' case a verdict was directed in favor of Catharzyn Kmiotek. The cases against the other defendants went to the jury. The jury returned 9 verdicts as to the defendants still in the case. These found the defendants jointly and severally not guilty as to each plaintiff. The jury returned two special verdicts, one that decedent was intoxicated as charged in the complaint and the second that he was not sold or given intoxicating liquor in Agnes Spika's building. Plaintiffs have appealed from the judgment based on the eleven verdicts. No cross error is assigned affecting the verdict as to intoxication.

The decedent was 32 years old. He worked until 1:00 A. M. October 3, 1943. At about 4:00 A. M. he drove his automobile containing several other persons south on the wrong side of Western Avenue "head on" into a northbound Western Avenue street car. The motorman of the street car testified that decedent's automobile was traveling south and "coming in head into me. I pounded the gong, applied the brakes, and the next thing there was a collision."

At the request of the defendants, Sophie Elhenicky, Steve and Mary Bakos, the court gave a peremptory instruction under which the plaintiffs were required to prove that the decedent's injuries were the proximate result of his intoxication. The parties do not dispute that the Dram Shop Act, Chap. 43, Par. 135 [Jones Ill. Stats. Ann. 68.042], provides causes of action for injuries to means of support "by an intoxicated person" and "in consequence of the intoxication of any person." They do not dispute either that,

where the cause of action is for an injury by an intoxicated person, plaintiffs are not required to prove the element of proximate cause, whereas in causes of action for injuries in consequence of the intoxication of any person, proof of that element is necessary. These rules have been repeatedly held to be the law of Illinois. *Cope v. Gepford,* 326 Ill. App. 171; *Hill v. Alexander,* 321 Ill. App. 406; *Whiteside v. O'Connors,* 162 Ill. App. 108.

Plaintiffs contend, however, that the instant action was based upon an injury by an intoxicated person and that, accordingly, the peremptory instruction incorrectly stated the law and constituted prejudicial error. The defendants who submitted the instruction contend that plaintiffs' pleading presented an ''in consequence of'' and not a ''by'' cause of action; that the instruction was, therefore, correct; and that in any event plaintiffs cannot change their theory in this court. We agree with the contention about the cause of action to the extent that though the facts pleaded by plaintiff state a ''by'' cause of action, the conclusion of the pleader, on the facts stated, is an ''in consequence of'' cause of action. There is no controversy over the facts surrounding decedent's injuries. These facts were set out in plaintiffs' pleading. It is manifest, therefore, that the trial court misconceived the nature of the cause of action in giving the instruction upon the facts in the case if, as plaintiffs contend, the facts show an injury by an intoxicated person.

■ ■ Suicide by an intoxicated person has been held to be an injury ''by an intoxicated person'' to means of support. *Whiteside v. O'Connors; Bistline v. Ney Bros.,* 134 Ia. 172. This holding has broadened the concept of ''by'' injuries beyond those inflicted by third person intoxicants. A third person intoxicant may intentionally injure a wife in her means of support by assaulting her husband or unintentionally as by staggering against him. A suicide is an intentional

act, despite intoxication, and we do not doubt that a self-inflicted wound through accident by an intoxicated husband would give a cause of action to the wife for an injury "by an intoxicated person." If the decedent in this case intentionally drove his automobile into the oncoming street car, it should give rise to a cause of action by an intoxicated person. It seems to us, therefore, to follow that if we took the evidence as showing that decedent unintentionally drove into the street car, that the cause of action arising in favor of the plaintiffs was also for an injury by an intoxicated person. We think this conclusion is strengthened by illustrations of kinds of injuries to means of support, which are considered to be "in consequence of the intoxication of a person." *King v. Haley,* 86 Ill. 106; and *Whiteside v. O'Connors.* In *Bistline v. Ney,* a leading case on the subject, the Iowa court said that there is a presumption that an act done to the injury of his family by a person whose faculties are abnormally excited or confused by drink, especially where the act is not that of a sane or sober person, is the result of his intoxication. We believe the court erred in giving the instruction.

While the defendants were putting in their cases, Mrs. Kmiotek was called as a witness in behalf of Sophie Elhenicky. Counsel for the latter questioned the witness about an agreement to pay, or a payment to the plaintiffs, in settlement of their claim against her. Plaintiffs' counsel objected several times but failed to object to some of the questions. The court sustained some objections and overruled others. The witness answered questions to which objections were sustained. Counsel who called the witness persisted in seeking to break down the witness's answers that she made no such agreement or payment. While one of her answers is ambiguous, we think that the only fair inference from the entire examination and cross-examination is that the witness said she had not

agreed or paid. Counsel then proceeded to question the witness about conversations she had with the co-defendant Agnes Spika with reference to such agreement or payment. Plaintiffs' counsel objected that Sophie Elhenicky could not impeach her own witness. He had theretofore objected to the cross-examination of her own witness.

Counsel for Agnes Spika cross-examined the witness, saying—"We are trying to prove by this witness in defense of our case that there was an agreement to settle the claim against the witness." Subsequently, he called Agnes Spika to testify to the conversation with Mrs. Kmiotek. Plaintiffs' counsel conceded that an agreement to pay or a payment could be shown, but objected that the procedure being followed was improper. Agnes Spika was permitted to testify that Mrs. Kmiotek told her that "she was through and she paid $750. She didn't say to who, or anything, but she was through with the case, that is all." Plaintiffs' counsel moved to strike this testimony on the ground that there was no showing that Mrs. Kmiotek said she had agreed to pay, or had paid money to plaintiffs or anyone for them. The objection was overruled. Plaintiff Dorothy Bejnarowicz was called in rebuttal and denied any agreement to receive, or the receipt of any money from Mrs. Kmiotek.

We think the concession by plaintiffs' counsel at the trial waived plaintiffs' right to complain that the pleadings did not justify questioning Mrs. Kmiotek with reference to a payment to, or an agreement to pay, the plaintiff, widow.

There can be only one recovery for an injury done under the Dram Shop Act, and satisfaction by a party injured against one defendant constitutes an effective bar to recovery against another. *Emory v. Addis,* 71 Ill. 273. Defendants were entitled to show any agreement between plaintiff, widow, and Mrs. Kmiotek to pay, either in full or partial satisfaction

of plaintiff's damages. Restatement of Law on Torts, Sec. 885; *Snow v. Chandler*, 10 N. H. 92; *City of Chicago v. Babcock*, 143 Ill. 358; *Garvey v. Chicago Rys. Co.*, 339 Ill. 276; *Devaney v. Otis Elevator Co.*, 251 Ill. 28; *Gore v. Henrotin*, 165 Ill. App. 222; *Caruso v. Chicago*, 305 Ill. App. 571. The showing of an agreement amounting to a release, or payment in full of the actual damages, would entitle the remaining defendants to judgments in their favor; and a showing of partial release or partial payment of the actual damages could be availed of by the remaining defendants to diminish the amount of damages recoverable against them. (See same authorities.) It is not clear from the record in this case precisely what the defendants' position was. From the statement of counsel it would appear they would rely upon a settlement. The error of the court was not in permitting the attempt to show the agreement, but in permitting defendants to make the attempt in such an irregular manner.

When it appeared that Mrs. Kmiotek testified she did not agree to pay, counsel calling her should have been restrained from trying to change her answer. Assuming that the calling of Agnes Spika was proper for impeachment purposes, her testimony should have been stricken since it did not contradict Mrs. Kmiotek's testimony that she did not pay or agree to pay plaintiffs for her release from the case. Parties should know before calling witnesses to the stand what these witnesses will testify to. Impeaching witnesses should not be called to testify unless their testimony will impeach. Plaintiffs did not waive their right to complain of this prejudicial procedure by introducing the rebuttal testimony on the point. *Kane v. City of Chicago*, 392 Ill. 172.

Agnes Spika was not named in the peremptory instruction hereinbefore criticized. The jury found in a special verdict that no intoxicating liquor was sold to the decedent on the premises owned by her. For these reasons she contends that although we

should find prejudicial error in the trial of the case, the judgment as to her should not be reversed. She says that the questioning of Mrs. Kmiotek did not bear upon liability but upon damages. While that may be so, we cannot agree that the procedure may not have influenced the jury on the question of liability. The defendants also urge that the result of the procedure involving Mrs. Kmiotek's testimony could not have prejudiced plaintiffs because her answers were in their favor. We think the procedure criticized could be fairly said to have deprived plaintiffs of an impartial trial.

Because of our conclusions on the foregoing points we believe that the case should be retried. We shall not, therefore, consider the question of the manifest weight of the evidence.

For the reasons given the judgment of the Superior Court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

LEWE, P. J., and BURKE, J., concur.